AMERICAN NATIONAL COMPANY, RECEIVER, *v.* UNITED STATES.

APPEAL FROM THE DISTRICT COURT OF THE UNITED STATES FOR THE WESTERN DISTRICT OF OKLAHOMA.

No. 167.   Argued February 25, 1927.—Decided April 11, 1927.

A corporation, in the business of making and selling loans on five year notes and mortgages, derived its income from commissions in the form of two year notes made by the borrowers; and, in selling loan notes to investors, agreed, as an inducement, to pay them bonuses of a specified per cent. yearly of the loans sold, during the life thereof.  *Held* that, under § 13(d) of the Revenue Act of 1916, and regulations of the Treasury pursuant thereto, a method of accounting which accrued the aggregate of the commission notes received during a tax year as income thereof, though not then due and payable, and which similarly accrued the aggregate of bonus contracts made during the year as expenses thereof, correctly reflected the income, and that such aggregate of bonus contracts was properly deducted from the gross of the commissions in ascertaining taxable income.  *United States* v. *Anderson*, 269 U. S. 422. P. 103.

Reversed.

APPEAL from a judgment of the District Court in favor of the United States, in a suit under the Claims Act (Jud.

Code § 24, par. 20) to recover an amount paid under protest as an income and excess profits tax.

*Mr. Charles H. Garnett*, with whom *Mr. Streeter B. Flynn* was on the brief, for appellant.

*Mr. Alfred A. Wheat*, Special Assistant to the Attorney General, with whom *Solicitor General Mitchell* was on the brief, for the United States.

MR. JUSTICE SANFORD delivered the opinion of the Court.

The receiver of the F. B. Collins Investment Company—proceeding under § 24, par. 20, of the Judicial Code,[1]—brought this suit against the United States to recover an additional income and excess profits tax of $4,287.64 that had been assessed against the Company for the year 1917, under the Revenue Act of 1916,[2] and the War Revenue Act of 1917,[3] and paid by it under protest. The District Court, sitting as a Court of Claims, on its findings of fact, entered judgment in favor of the United States, before the effective date of the Jurisdictional Act of 1925. And this direct appeal was allowed. *J. Homer Fritch, Inc.* v. *United States*, 248 U. S. 458.

The question here presented is whether, under the provisions of the Revenue Act of 1916, the Company in computing its taxable net income for 1917, was entitled to deduct from its gross income the amount of certain obligations for the payment of money which it claimed were " expenses " incurred in the operation of its business within that year.

The Revenue Act of 1916 provided, in §§ 12(a) and 13(a), that the net income of a corporation should be ascertained by deducting from its gross income received

---

[1] U. S. C., Tit. 28, § 41(20).

[2] 39 Stat. 756, c. 463.

[3] 40 Stat. 300, c. 63.

within the year, first, the "ordinary and necessary expenses paid within the year in the maintenance and operation of its business"; and, in § 13(d), that a corporation "keeping accounts upon any basis other than that of actual receipts and disbursements, unless such other basis does not clearly reflect its income, may, subject to regulations made by the Commissioner of Internal Revenue, . . . make its return upon the basis upon which its accounts are kept, in which case the tax shall be computed upon its income as so returned." In Treasury Decision 2433,[4] issued in January, 1917, dealing with the latter provision, the Commissioner ruled that: "Under this provision it will be permissible for corporations which accrue on their books monthly or at other stated periods amounts sufficient to meet fixed annual or other charges to deduct from their gross income the amounts so accrued, provided such accruals approximate as nearly as possible the actual liabilities for which the accruals are made, and provided that in cases wherein deductions are made on the accrual basis as hereinbefore indicated income from fixed and determinable sources accruing to the corporations must be returned, for the purpose of the tax, on the same basis. . . . This ruling contemplates that the income and authorized deductions shall be computed and accounted for on the same basis and that the same practice shall be consistently followed year after year."

The findings of fact show that the Company, an Oklahoma corporation, had been engaged since 1908 in the business of making loans secured by mortgages upon real estate, which it negotiated and sold to investors. Under its usual course of business the borrower, upon the making of a loan, executed to the order of the Company his note for the amount loaned, due in five years, with interest at five per cent. per annum, payable semiannually; with the privilege of paying $100 or any multiple thereof on

---

[4] Treas. Dec., Int. Rev., 1917, p. 5.

the principal, on or after two years, at the maturity of any interest payment. At the same time the borrower executed to the Company another note due in two years, without interest, for ten per cent. of the total amount of the loan, as the Company's commission or compensation for making and negotiating the loan. From these commission notes the Company derived its income.

At first the Company negotiated and sold the loan notes to investors entirely through brokers or agents, to whom it paid fees or commissions. But from and after 1916 it sold many of these notes direct to investors; and being thus relieved from payment of these fees or commissions, and as an inducement to investors to purchase from it direct, agreed to pay them bonuses upon the notes as added consideration for the purchases; this being evidenced by a contract, styled a Guarantee, which the Company gave the investor, agreeing to pay him during the life of the loan, according to the terms of the note, one per cent. per annum of its amount, in addition to the five per cent. per annum that the borrower was to pay.

The Company consistently kept its books of account from year to year on an " accrual basis." Under the practice followed from the inception of its bonus method of doing business, whenever a loan note was sold it charged on its books, as an expense incurred in the sale, the aggregate amount of the payments called for in the bonus contract, computed at one per cent. per annum to the maturity of the note, and credited the investor on its books with a like amount, in a subsidiary bills payable ledger. The total amount of this liability on the bonus contracts was carried on its general ledger under a control account called the Guarantee Fund Account.

In the year 1917, in accordance with this practice, the Company accrued and set up on its books as a liability and charged to expense, the aggregate amount of the payments called for in the bonus contracts given investors during

that year. And it made its tax return for that year upon the basis upon which the accounts were kept, claiming as an expense the aggregate amount of these bonus contracts, as set up on its books. And, as admitted in argument, although not shown specifically by the findings of fact, it also entered on its books and returned as income received during the year, the aggregate amount of the commission notes given by the borrowers when it made the loans.

Furthermore, under the Company's practice, if any loan note was paid by the borrower before maturity, the difference between the amount of the bonus contract credited to the investor's account and the payments that had been made on the contract, was credited back to Profit and Loss, and treated as income of the Company for the year in which the note was paid.

The Commissioner of Internal Revenue disallowed the claim of the Company for the deduction of the total amount of the bonus contracts issued in 1917, and allowed the deduction only to the extent of the installments called for by such contracts which matured in 1917; and in accordance with this ruling made the additional assessment which is here involved. And the sole question here is whether the Company was entitled to deduct the entire amount of the bonus contracts, as it claimed, or merely such portion thereof as became due within the year, as ruled by the Commissioner.

The Government, although conceding that the bonus contracts "represented an expense" of the Company's business, contends that their total amount was not deductible as an expense " incurred " in 1917, on the grounds that only a part of the obligations " accrued " within that year, and that the method used by the Company in keeping its books did not clearly reflect its true income. We cannot sustain this contention.

In *United States* v. *Anderson,* 269 U. S. 422, 437, we held that where a corporation kept its books on an ac-

crual basis, the amount of a reserve entered thereon for taxes imposed by the United States on the profits of munitions made and sold during the taxable year, should be deducted from its gross income for that year, although they were not assessed and did not become due until the following year. The Court said: " While § 12(a) taken by itself would appear to require the income tax return to be made on the basis of actual receipts and disbursements, it is to be read with § 13(d) . . . providing in substance that a corporation keeping its books on a basis other than receipts and disbursements, may make its return on that basis provided it is one which reflects income. . . . Treasury Decision 2433 . . . recognized the right of the corporation to deduct all accruals . . . made on its books to meet liabilities, provided the return included income accrued and, as made, reflected true net income. . . . A consideration of the difficulties involved in the preparation of an income account on a strict basis of receipts and disbursements . . . indicates with no uncertainty the purpose of §§ 12(a) and 13(d) . . . to enable taxpayers to keep their books and make their returns according to scientific accounting principles, by charging against income earned during the taxable period, *the expenses incurred and properly attributable to the process of earning income during that period;* and indeed, to require the tax return to be made on that basis, if the taxpayer failed or was unable to make the return on a strict receipts and disbursements basis. . . . The [corporation's] true income could not have been determined without deducting from its gross income during the year the total costs and expenses attributable to the production of that income during the year. . . . In the economic and bookkeeping sense with which the statute and Treasury decision were concerned, the [munitions] taxes had accrued. It should be noted that § 13(d) makes no use of the words ' accrue ' or ' accrual ' but merely provides for

a return upon the basis upon which the taxpayer's accounts are kept, if it reflects income. . . . . We do not think that the Treasury decision contemplated a return on any other basis when it used the terms 'accrued' and 'accrual' and provided for the deduction by the taxpayer of items 'accrued on their books.'"

So, in the present case, we think that the amount of the bonus contracts was "an expense incurred and properly attributable" to the Company's process of earning income during the year 1917. These contracts were not analogous to obligations to pay interest on money borrowed, but were expenses incurred in selling the loan notes in as real a sense as if under its original system of doing business the Company had paid these amounts to brokers as fees for selling the loans or given them notes for such fees. The Company's net income for the year could not have been rightly determined without deducting from the gross income represented by the commission notes, the obligations which it incurred under the bonus contracts, and would not have been accurately shown by keeping its books or making its return on the basis of actual receipts and disbursements. The method which it adopted clearly reflected the true income. And, just as the aggregate amount of the commission notes was properly included in its gross income for the year— although not due and payable until the expiration of two years—so, under the doctrine of the *Anderson* case, the total amount of the bonus contracts was deductible as an expense incurred within the year, although it did not "accrue" in that year, in the sense of becoming then due and payable.

We conclude that the assessment of the additional tax, having been based upon an erroneous disallowance of the deduction claimed by the Company, was invalid; and that the receiver was entitled to recover the amount paid, with interest.

The decree of the District Court is accordingly

*Reversed.*