SAMUEL KURZMAN, PETITIONER, *v.* COMMISSIONER OF INTERNAL
REVENUE, RESPONDENT.

Docket No. 10659.   Promulgated September 30, 1927.

> Partners agreed with their sister that she should be paid 20 per
> cent of the partnership profits as withdrawn by them for services
> rendered to the partnership.  The partnership kept its books on the
> accrual basis.  *Held* that the sister was not a partner, and that the
> compensation payable to her was a legal deduction from gross in-
> come in partnership returns.

*John W. Townsend, Esq., J. C. Peacock, Esq.,* and *C. E. Koss, Esq.,*
for the petitioner.
*P. J. Rose, Esq.,* for the respondent.

This is a proceeding for the redetermination of deficiencies in in-
come tax for the years 1920, 1921, and 1922, of $791.23, $518.90, and
$2,452.53, respectively.  The question in issue is the right of the
petitioner to deduct from gross income certain amounts of money
paid by him to his sister for services rendered to a partnership of
which he was a member.

### FINDINGS OF FACT.

1. Petitioner resides in New York, N. Y., and for the years 1920,
1921, and 1922 filed his Federal income-tax returns on the cash
receipts and disbursement basis.

2. During those years he was a member of the firm of M. Kurzman
Sons, a copartnership engaged in the millinery, dressmaking and
ladies' wearing apparel business.  The firm was organized in 1910,
to succeed to the business theretofore conducted by petitioner's father.
At the time the partnership was organized, Mamie Mayer, a sister of
the partners, wished to become a member but her father advised her
against doing so.  She was, therefore, not taken into the partnership
as a member but the partners agreed that in addition to a stipulated
salary she should receive 20 per cent of the profits of the partnership
business, which additional compensation under the agreement was to
be credited to her on the books each year when the profits were deter-
mined, but to be paid to her pro rata by each partner as and when
his share of the profits was withdrawn from the business.  When
this agreement was entered into it was the purpose to leave the profits
in the business, its capital being small, and this purpose was carried
out, no large withdrawals being made by the partners until 1919.
The members of the partnership and the percentage of profits to
belong to each were as follow:

Per cent.
```
Samuel Kurzman_____ 37½
Charles C. Kurzman_____ 37½
Julius C. Kurzman_____ 25
```

The firm was dissolved by the death of Julius C. Kurzman on February 20, 1922. The petitioner's duties related principally to the financial end of the business; Charles C. Kurzman's to foreign buying, and Julius C. Kurzman's to the selling.

3. Mamie Mayer was employed during the taxable years 1920, 1921, and 1922 as domestic buyer and assistant manager. She also did some foreign buying. She had been with the firm since its organization in 1910, and also was with the preceding business conducted by petitioner's father, having been connected with the business altogether between 35 and 40 years. She gave her full and exclusive time to the business of the firm in the years herein involved. In addition to her duties as buyer she waited on some of the firm's best customers but did not receive any selling commissions such as other employees received on their sales. She had general supervision of the clerks and did not confine her work to any one department. For the years 1920 and 1921 Mamie Mayer was paid for her services a basic salary of $100 per week. Beginning with 1910 she was, at the end of each year, credited with 20 per cent of the year's profits and also debited with her share of the losses in the only two years in which losses occurred. When withdrawals were made by the partners each paid to her 20 per cent of such withdrawals and debited her account therewith.

4. In the private ledgers of the partnership there were thus credited to Mamie Mayer in the three accounts of the individual partners an aggregate of $11,473.46 at December 31, 1920, and $7,202.83 at December 31, 1921, these amounts being 20 per cent of the firm's profits for the respective years. No credits were entered for 1922, the partnership having been dissolved and the arrangement terminated on February 20, of that year.

5. Pursuant to the agreement of 1910, the petitioner paid to Mamie Mayer $2,000 in 1920, $3,541.43 in 1921, and $18,636.10 in 1922, the amount paid in the latter year including the balance standing to her credit in her account with petitioner.

6. At the termination of the partnership in February, 1922, upon the death of Julius C. Kurzman, Mamie Mayer left the firm and a dispute arose between her and the petitioner relating to the payment of the balance of profits credited to her on the books in her account with him. It was agreed to settle matters by arbitration, Judge Herman Joseph being selected by the parties. Mamie Mayer claimed before the arbitrator that she was entitled to the money as she had earned it. He held that she was entitled to payment in cash of the

balance of the amounts standing to her credit since the partnership had terminated. The petitioner accordingly paid Mamie Mayer such balance and received a receipt dated May 15, 1922, stating in part:

I hereby acknowledge that I have accepted the said two checks in full payment of any and all claim against Samuel Kurzman arising out of the account between us, wherein he agreed to pay me 20 per cent of the share of the profits of the business of M. Kurzman's Sons from January 1, 1910 to February 20, 1922.

The two other members of the firm likewise carried out their agreement to pay Mamie Mayer 20 per cent of their withdrawals.

7. In 1921, when the 1920 returns of the firm, its members, and that of Mamie Mayer were being prepared, the question of how the amounts credited to her should be treated for tax purposes arose. She did not suggest that the amounts to be received by her were gifts, but claimed and admitted that they were taxable to her as additional compensation, the question being whether she should report them when credited or when received. She claimed that she was not liable to income tax in respect of any compensation until it was received by her.

8. In the partnership return for 1920, a deduction of $16,692.04 was claimed as compensation of the domestic buyer, Mamie Mayer, this representing her basic salary of $100 a week and the additional compensation credited to her on the private ledgers of the individual partners. In the partnership returns for 1921 and 1922 claim was made for the deduction of only the basic salary paid to Mamie Mayer, but the partners in their individual returns for those years claimed deductions for the amounts actually paid to her. The books of the partnership were kept and its tax returns rendered on the accrual basis.

9. In 1920, 1921, and 1922, each of the three partners received a salary of $100 per week. Some of the sales people received more than that, the highest salaried employee besides Mamie Mayer receiving between $6,500 and $7,000 per annum. A new partnership was formed in February, 1922, to carry on the business and Mamie Mayer was reengaged at a salary of $200 per week. She was required to work only a part of the time for this compensation. A reasonable allowance as compensation for the personal services actually rendered to the partnership by Mamie Mayer is $16,773.54 for 1920 and $12,402.83 for 1921, which amounts are in each year the totals of the basic weekly salary of $100 paid and the additional compensation of 20 per cent of the profits credited to her.

10. The Commissioner held that the amounts credited and paid to Mamie Mayer under the agreement of 1910 were in the nature of gifts to her, disallowed the deduction claimed in the partnership return for 1920 as compensation for Mamie Mayer, and hence increased petitioner's taxable distributable share of the partnership profits for

that year $4,312.63. He also disallowed the deductions of $3,541.43 and $19,122.25 claimed in the petitioner's return for 1921 and 1922, respectively. The deficiencies result from such disallowances.

### OPINION.

SMITH: The issues in this case are set forth by the respondent as follows:

1. Whether the petitioner in computing 1920 income is entitled to a deduction of $4,535.47 as an expense incurred on account of compensation of an employee;

2. Whether the petitioner in computing 1921 income is entitled to a deduction of $3,541.43 as an expense incurred on account of compensation of an employee;

3. Whether the petitioner in computing 1922 income is entitled to a deduction of $19,122.25 as an expense incurred on account of compensation of an employee;

4. Whether the petitioner's distributive share of partnership profits was overstated for 1920 in the amount of $4,302.58, and for 1921 in the amount of $2,701.06.

The first three issues must be decided in favor of the respondent. Mamie Mayer was not an employee of the petitioner. She was an employee of the firm of which he was a member. The evidence warrants the finding that she was not a partner. Although her additional compensation over a series of years was to be reduced by her share of the losses in years in which losses were sustained there was no agreement that she was to share losses beyond such a point. Such a contract would not operate to make her a partner. The amounts referred to above for the years 1920, 1921, and 1922 are not legal deductions from the gross income of the petitioner as an ordinary and necessary expense of doing business. Clearly the amount paid in 1922 was an indebtedness owed by the petitioner to his sister and not a deductible expense. M. Kurzman's Sons kept its books of account upon an accrual basis. Mamie Mayer was an employee of the firm. Amounts paid to her were paid as compensation for services rendered. These amounts were in no sense a gift by the partners to their sister.

A partnership is entitled to the same deductions as an individual with certain exceptions not here material. It is entitled to accrue as an ordinary and necessary expense the compensation payable to Mamie Mayer, an employee. It is quite immaterial that that compensation was a percentage of the profits or that the books of account were so kept as not to show the accrual of the expense prior to the determination of profits distributable to the partners. The private ledgers of the partners are to be considered as a part of the general bookkeeping system of the partnership, which were kept on the accrual basis. The partnership is entitled to compute its income on the accrual basis in accordance with the decisions of the court in

*United States* v. *Anderson*, 269 U. S. 422, and *American National Co.* v. *United States*, 274 U. S. 99. The partnership correctly reported its net income for 1920 and the petitioner is liable to income tax only upon his pro rata share of such profits. The net income of the partnership for 1921 should be recomputed in accordance with this opinion and the petitioner held liable to income tax upon his distributable portion of such net profits. The petitioner is not entitled to deduct from his gross income for 1922 any amount in respect of the $19,122.25 paid by him to his sister in 1922.

> *Judgment will be entered on 15 days' notice, under Rule 50.*

Considered by LITTLETON and LOVE.