*415 OPINION.
Smith:
The issues in this case are set forth by the respondent as follows:
1. Whether the petitioner in computing 1920 income is entitled to a deduction of $4,535.47 as an expense incurred on account of compensation of an employee;
2. Whether the petitioner in computing 1921 income is entitled to a deduction of $3,541.43 as an expense incurred on account of compensation of an employee;
3. Whether the petitioner in computing 1922 income is entitled to a deduction of $19,122.25 as an expense incurred on account of compensation of an employee;
4. Whether the petitioner’s distributive share of partnership profits was overstated for 1920 in the amount of $4,302.58, and for 1921 in the amount of $2,701.06.
The first three issues must be decided in favor of the respondent. Mamie Mayer was not an employee of the petitioner. She was an employee of the firm of which he was a member. The evidence warrants the finding that she was not a partner. Although her additional compensation over a series of years was to be reduced by her share of the losses in years in which losses were sustained there was no agreement that she was to share losses beyond such a point. Such a contract would not operate to make her a partner. The amounts referred to above for the years 1920, 1921, and 1922 are not legal deductions from the gross income of the petitioner as an ordinary and necessary expense of doing business. Clearly the amount paid in 1922 was an indebtedness owed by the petitioner to his sister and not a deductible expense. M. Kurzman’s Sons kept its books of account upon an accrual basis. Mamie Mayer was an employee of the firm. Amounts paid to her were paid as compensation for' services rendered. These amounts were in no sense a gift by the partners to their sister.
A partnership is entitled to the same deductions as an individual with certain exceptions not here material. It is entitled to accrue as an ordinary and necessary expense the compensation payable to Mamie Mayer, an employee. It is quite immaterial that that compensation was a percentage of the profits or that the books of account were so kept as not to show the accrual of the expense prior to the determination of profits distributable to the partners. The private ledgers of the partners ¿ire to be considered as a part of the general bookkeeping system of the partnership, which were kept on the accrual basis. The partnership is entitled to compute its income on the accrual basis in accordance with the decisions of the court in *416 United States v. Anderson, 269 U. S. 422, and American National Co. v. United States, 274 U. S. 99. The partnership correctly reported its net income for 1920 and the petitioner is liable to income tax only upon his pro rata share of such profits. The net income of the partnership for 1921 should be recomputed in accordance with this opinion and the petitioner held liable to income tax upon his distributable portion of such net profits. The petitioner is not entitled to deduct from his gross income for 1922 any amount in respect of the $19,122.25 paid by him to his sister in 1922.
Judgment will be entered on 15 days’ notice, under Rule 50.
Considered by Littleton and Love.