## NORTH TEXAS LUMBER CO. v. COMMISSIONER OF INTERNAL REVENUE.

Circuit Court of Appeals, Fifth Circuit.
February 15, 1929.

No. 5318.

Joseph J. Eckford, of Dallas, Tex. (Paul T. McMahon, of Dallas, Tex., on the brief), for petitioner.

Mabel Walker Willebrandt, Asst. Atty. Gen., Sewall Key and Randolph C. Shaw, Sp. Asst. Attys. Gen., and C. M. Charest, General Counsel, Bureau of Internal Revenue, and Thos. P. Dudley, Jr., Sp. Atty., Bureau of Internal Revenue, both of Washington, D. C. (Shelby S. Faulkner, Sp. Atty., Bureau of Internal Revenue, of Washington, D. C., on the brief), for respondent.

Before WALKER, BRYAN, and FOSTER, Circuit Judges.

FOSTER, Circuit Judge. In this case the material facts as found by the Board of Tax Appeals are these:

Petitioner, a Texas corporation, negotiated with the Southern Pine Company for the sale of certain timberlands, in 1916. On December 27, 1916, the price was agreed upon and the purchaser was satisfied as to the title. The purchaser was solvent, but required a few days to borrow some $200,000 to complete the purchase. An option was granted for ten days, the loan was arranged, and the purchaser telegraphed petitioner on December 30, 1916, that it would exercise the option and was prepared to complete the purchase. Petitioner agreed at once, but the deed was not delivered until January 5, 1917.

Petitioner's books are kept on the accrual basis. Petitioner allocated the profit from the sale to the year 1916 and made a supplementary return to that effect. The Commissioner of Internal Revenue, however, found the profit to be $79,057.95, allocated it to the year 1917, in which year it was collected, and determined a deficiency of taxes for that year of $19,733.90. On appeal the Board approved the action of the Commissioner. This, we think, was error.

██ Profits accrue when they are fixed and an enforceable liability is created. Allen v. Armstrong, 58 App. Div. 427, 68 N. Y. S. 1079; Holmes, Federal Taxes (6th Ed.) p. 1248. Of course, delivery of the deed was necessary to vest legal title in the purchaser, but between the parties the transaction was complete and their rights vested on December 30, 1916. Petitioner could on that day have tendered the deed and demanded payment and, if refused, could have maintained a suit for the purchase price. The subsequent delivery of the deed and collection of the pur-

chase price did not change conditions as they existed on December 30, 1916, as to the amount of profit derived from the sale or its accrual.

Regardless of when the purchase money was paid, as petitioner kept books and made returns on the accrual basis, he was obliged to allocate the profit from the transaction to the year 1916. During that year all the events necessary to fix the amount of the profit had occurred. This conclusion finds support in the reasoning of the court in U. S. v. Anderson, 269 U. S. 423–441, 46 S. Ct. 131, 70 L. Ed. 347, in which it was held that taxes on munitions manufactured in 1916 for which a reserve had been set up should be deducted as an expense of that year, although paid in 1917. The same reasoning applies to profits earned in one year though not actually received until the following year, when the books are kept on the accrual basis. See Am. Nat. Co., Receiver, v. U. S., 274 U. S. 99, 47 S. Ct. 520, 71 L. Ed. 946.

The petition is granted, and the judgment is reversed.