MILLER & VIDOR LUMBER CO., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 19556. Promulgated March 19, 1929.

*William S. Hammers, Esq.*, for the petitioner.
*Bruce A. Low, Esq.*, for the respondent.

## OPINION.

SMITH: Although the petitioner kept its books of account and made its income-tax returns for 1919 and 1920 upon the accrual basis, it contends that it is entitled to deduct from the gross income of 1920, the full amount of the interest paid in that year by giving to the creditors entitled to receive interest new notes in the principal amount of the principal plus interest accrued to date. In the alternative, it contends that in any event it is entitled to deduct from the gross income of 1919, the full amount of the interest accrued on two notes given on April 1, 1914, in the respective amounts of $92,696 and $81,923, the notes specifically providing that the interest thereon was not to become due and payable until April 1, 1919; that if this deduction is permitted for the year 1919, it simply serves to increase the net loss for that year which may be deducted from the gross income of 1920 under the provisions of section 204 of the Revenue Act of 1918, the petitioner having had no net income for the calendar year 1918.

Interest is an expense which accrues ratably over an elapsed period of time. *Cumberland Glass Mfg. Co.*, 2 B. T. A. 1122; *Saner-Ragley Lumber Co.*, 3 B. T. A. 927. A taxpayer on the accrual basis may not deduct from the gross income of any one year interest paid in that year which accrued and became a liability but which was not accrued on its books in a preceding year. *McIntosh & Seymour Corporation*, 2 B. T. A. 953. Interest is deductible as it accrues and not when paid

by a taxpayer on the accrual basis. *North Wayne Tool Co.*, 2 B. T. A. 366; *Comstock-Castle Stove Co.*, 4 B. T. A. 114; *Higginbotham-Bailey-Logan Co.*, 8 B. T. A. 566.

The petitioner, relying upon the decision of the Board in *Concord Electric Co.*, 7 B. T. A. 1027, claims the right to deduct from the gross income of 1920 the interest paid in that year by new notes taking up the old notes with principal and interest. In the last cited case the Board held that where interest is payable upon a certain date contingent upon a contract not being terminated before that date the interest payable under the contract became a liability when the obligation to pay the interest is fixed. The facts in the instant proceeding are substantially different. There is on the part of the petitioner no contingency with respect to the payment of interest upon the two notes given on April 1, 1914. The amount of the interest payable was at an annual rate and a given amount accrued each year. This amount was determinable upon the facts known at the end of each year. In *United States* v. *Anderson*, 269 U. S. 422, the court stated in part:

While Sec. 12 (a) taken by itself would appear to require the income tax return to be made on the basis of actual receipts and disbursements, it is to be read with Sec. 13 (d) * * * providing in substance that a corporation keeping its books on a basis other than receipts and disbursements, may make its return on that basis provided it is one which reflects income * * * Treasury Decision 2433 * * * recognized the right of the corporation to deduct all accruals * * * made on its books to meet liabilities, provided the return included income accrued and, as made, reflected true net income * * *. A consideration of the difficulties involved in the preparation of an income account on a strict basis of receipts and disbursements * * * indicates with no uncertainty the purpose of Secs. 12 (a) and 13 (d) * * * to enable taxpayers to keep their books and make their returns according to scientific accounting principles, by charging against income earned during the taxable period, the expenses incurred and properly attributable to the process of earning income during that period; and indeed, to require the tax return to be made on that basis, if the taxpayer failed or was unable to make the return on a strict receipts and disbursements basis * * * The (corporation's) true income could not have been determined without deducting from its gross income during the year the total costs and expenses attributable to the production of that income during the year * * *. In the economic and bookkeeping sense with which the statute and Treasury decision were concerned, the (munitions) taxes have accrued. It should be noted that Sec. 13 (d) makes no use of the words "accrue" or "accrual" but merely provides for a return upon the basis upon which the taxpayer's accounts are kept, if it reflects income * * * We do not think that the Treasury decision contemplated a return on any other basis when it used the terms "accrued" and "accrual" and provided for the deduction by the taxpayer of items "accrued on their books."

Cf. *American National Co.* v. *United States*, 274 U. S. 99.

In the instant proceeding the accrual basis furnishes an accurate picture of the income of the taxpayer for the year 1920. There is no

evidence that interest upon indebtedness accrued in a greater amount than $48,862.54, the amount allowed as a deduction by the respondent. Reviewed by the Board.

*Judgment will be entered for the respondent.*