ROBY REALTY CO., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 40493.   Promulgated April 24, 1930.

*Albert F. Hillix, Esq.*, for the petitioner.
*G. S. Herr, Esq.*, for the respondent.

OPINION.

Lansdon: The petitioner contends as to its first allegation of error (1) that the amount of $60,000, received as set forth in our findings of fact above and which the parties agree was an advance payment of rental, should be prorated over the period from May 5, 1931, to June 29, 1995, and (2) that even if the whole amount is income at one time it is not taxable when received in 1925, but in 1931, when the term of the lease begins. As the petitioner keeps its books and returns its income on the cash receipts and disburse-

ments basis, it is clear that the amount here in controversy, if income within the meaning of the Constitution and taxing statutes, must be reported in the year in which it was received. In this proceeding there is no evidence that the $60,000 did not come into the undisputed possession and enjoyment of the petitioner in 1925. In *O'Day Investment Co.*, 13 B. T. A. 1230, a similar situation was involved. In deciding that proceeding against the petitioner we said:

We know of no theory, or authority, by which petitioner's claim can be allowed. It is immaterial whether we call the $20,000 payment a bonus. additional rent payable in advance, or by any other term, it is a profit. arising out of the transaction, to wit, the leasing of the property, and is taxable when received, as the petitioner was on the cash receipts and disbursements basis.

On the authority cited above, we hold that the $60,000 here involved was income taxable in 1925, the year in which it was received. See also *Nelson Land & Oil Co.*, 3 B. T. A. 315; *R. H. Hazlett*, 10 B. T. A. 332; *Liberty Agency Co.*, 5 B. T. A. 778; *S. Naitove & Co.*, 8 B. T. A. 589; and *Fuller Brush Co.*, 8 B. T. A. 855.

In conformity with our decision in *Bonwit Teller & Co.*, 17 B. T. A. 1019, in which the principle in *Robert H. McNeill.* 16 B. T. A. 479, was overruled, the second issue must be decided adversely to the petitioner. In *United States* v. *Anderson*, 269 U. S. 422, the court said:

The purpose of Sections 12 (a) and 13 (b) [Revenue Act of 1916] was to enable taxpayers to keep their books and make their returns according to scientific accounting principles, by charging against income earned during the taxable period, the expenses incurred in and properly attributable to the process of earning income during that period; * * *

It would appear from the above that expenses of the nature here in question may be deducted from income as it is earned. In this proceeding a reasonable deduction from gross income on such account in the taxable year should be in proportion to the stated payments due in that year, increased by the amount of $60,000, which we have held above was income received and taxable in the same year. See also *American National Co.* v. *United States*, 274 U. S. 99; and *H. B. Hill*, 3 B. T. A. 761.

The Division report promulgated February 11, 1930, was thereafter, by direction of the Chairman, reviewed by the Board and is superseded by the present report.

Reviewed by the Board.

*Decision will be entered under Rule 50.*