## JOHN R. LANKENAU CO. v. UNITED STATES.

### No. 4278.

District Court, D. Massachusetts.

Dec. 17, 1930.

Hamilton, Eaton & Blakemore, of Boston, Mass., for plaintiff.

Frederick H. Tarr, U. S. Atty., and J. Duke Smith, Sp. Asst. to U. S. Atty., both of Boston, Mass.

MORTON, District Judge.

This is a suit to recover back corporation taxes paid by the plaintiff for the years 1921, 1922, and 1923. No question is made but what the action is properly brought under the statute of 1924, and all formal requirements have been met by the plaintiff. The facts are covered by stipulation. Those material to the present controversy may be briefly stated:

In January, 1920, the plaintiff hired one Stewart as sales manager under a contract whereby he was to receive as yearly compensation one-third of the net profits of the corporation. This arrangement continued until the end of 1923, when Stewart was discharged. He subsequently brought suit against the present plaintiff, claiming that its profits had been erroneously figured, in that the salary of Mr. Lankenau as general manager of the company had been deducted as an expense before stating them; Stewart's claim being that he was entitled to have the profits taken without this deduction as the basis for his salary. After rather protracted litigation, this question was finally decided in Stewart's favor by the Supreme Judicial Court of Massachusetts in 1927, Stewart v. John R. Lankenau Co., 259 Mass. 242, 156 N. E. 73, and some $13,000 was awarded to Stewart as additional salary for the years in question; the court in its decision stated the amount due for each year.

The government is ready to admit this judgment as an expense, or loss, of the year 1927 when it was entered and paid. But the plaintiff contends that the loss established should be carried back into the years in which it accrued, and that the taxes for those years should be readjusted accordingly. This is the question at issue.

The plaintiff during the entire period has kept its books on an accrual basis; it never entered on them as an accrued liability any of the amounts which Stewart finally recovered. It never conceded that it owed Stewart the sums which he finally recovered; and it contested his claim to the bitter end. Its contention is in effect that its liability as determined by the litigation is related back to, and takes effect as of, the time when the money ought to have been paid.

In Lucas v. American Code Co., 280 U. S. 445, 50 S. Ct. 202, 74 L. Ed. 538, the Code Company had employed one Farquhar as sales manager for a term of eighteen years; within a year after the contract was made, it discharged him, for good cause as it claimed. This occurred in the year 1919. Farquhar sued the Code Company, and, after long litigation, he recovered in 1923 a substantial judgment. The Code Company contended that it was entitled to treat this judgment, which it paid, as a deduction from 1919 profits. It was held that the deduction was not allowable. The opinion points out that both the liability and the amount of damages were "wholly unpredictable" until the result of the litigation; that the Code Company "did not accrue on its books within tax year a liability in estimated amount of loss"; and that "it cannot be said that the loss actually paid by the company in 1923 was, as a matter of law or of undeniable fact, sustained in 1919. Nor did the company so regard it." Brandeis, J., pages 451 and 452 of 280 U. S., 50 S. Ct. 202, 204. In Lewellyn v. Electric Reduction Co., 275 U. S. 243, 48 S. Ct. 63, 72 L. Ed. 262, the Reduction Company made in

1918 a contract for tungsten ore which was to be imported, apparently from Russia. It paid the seller $30,000 to be applied against the purchase price. Only one small lot of the ore ever came forward, and in March of the following year the Reduction Company brought suits in an endeavor to get the money back. This litigation finally terminated unsuccessfully in 1922. Thereupon the Reduction Company claimed the uncollected balance as a deductible loss against its 1918 income. It was held that the loss was not deductible against that year. "Here the only fact relied upon to show a loss is the outcome of the litigations two years after respondent's payment to Jouravleff. There is nothing in the findings from which we could conclude that the respondent in 1918 had ceased to regard his [sic] rights under the contract as having value or that there was then reasonable ground to suppose that efforts to enforce them would be fruitless. On the findings respondent is not entitled to recover." Stone, J., page 247 of 275 U. S., 48 S. Ct. 63, 64.

These two decisions represent both sides of the question. In the former, a claim which was unsuccessfully resisted was held to be a loss of the year in which the judgment was entered against the taxpayer. In the latter case, the same rule was applied to a claim prosecuted by the taxpayer to an unsuccessful conclusion. I am aware of no decisions in which judgment on a litigated claim has, for taxation purposes, been referred back to the date when liability accrued or the claim arose. U. S. v. Anderson, 269 U. S. 422, 46 S. Ct. 131, 70 L. Ed. 347, and American National Co. v. U. S., 274 U. S. 99, 47 S. Ct. 520, 71 L. Ed. 946, which are relied on by the plaintiff, seem to me quite distinguishable. In neither was there any disputed claim or any litigation. In the Anderson Case the question was whether a tax which had been incurred in one year and was payable the next year was deductible for the year in which it was incurred. The taxpayer kept its books on an accrual basis; and the tax was held deductible. In the American National Company Case it was held that the rather complicated arrangement under which a loan company did business created what was held to be a present charge against it instead of a future one.

In my opinion the principle of the American Code Company and the Electric Reduction Company Cases, supra, fully covers the present claim.

Judgment for defendant.