MASON SECURITIES ASSOCIATION, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 78559.    Promulgated November 26, 1937.

*William M. Fitch, Esq.*, for the petitioner.
*S. B. Anderson, Esq.*, for the respondent.

OPINION.

ARNOLD: The only question presented for our decision is whether the amount of $4,449.85, representing 10 percent of gross sales of cemetery lots during the taxable year, should be excluded from gross income.

Petitioner argues that it was under a contractual obligation to pay 10 percent of its gross receipts from sales of cemetery lots to the Hiram Cemetery Association to establish a fund for the perpetual care of the cemetery, which amount was set up on its books as a reserve, and should not be included in income.

The respondent argues that since no amount was ever set aside to meet this reserve, but an informal agreement was entered into between the parties under which petitioner assumed the care of the cemetery and retained the amount it was supposed to pay the Hiram Cemetery Association and used it in its business, it is not entitled to have the amounts placed in reserve on its books excluded from gross income or deducted.

Petitioner contends that the decisions of the Supreme Court of the United States in *United States* v. *Anderson*, 269 U. S. 422, and *American National Co.* v. *United States*, 274 U. S. 99, are direct authority under the facts of this case for the accrual of the amounts in question and authorize the deduction by petitioner of the 10 percent fund from its taxable income.

These cases arose under sections 12 (a) and 13 (d) of the Revenue Act of 1916. In the *American National Co.* case the Court quoted from the decision in the *Anderson* case in part as follows:

\* \* \* A consideration of the difficulties involved in the preparation of an income account on a strict basis of receipts and disbursements . . . indicates

with no uncertainty the purpose of §§ 12 (a) and 13 (d) . . . to enable tax-payers to keep their books and make their returns according to scientific accounting principles, by charging against income earned during the taxable period, *the expenses incurred and properly attributable to the process of earning income during that period* * * *.

The American National Co. reported as income the total amount paid on certain five-year notes received during the year and accrued and deducted the total amount of certain bonuses which it was obligated to pay over a period of five years at 1 percent of the balance of each note remaining unpaid during each year. Later, if it did not have to pay all the bonus which had been accrued, it reported the unpaid portion as income. The Court approved the method used as clearly reflecting the company's income.

In the instant case the petitioner, after entering into an agreement to pay to Hiram 10 percent of its receipts from the sale of lots for a perpetual care fund, set up a reserve on its books in that amount. Thereafter it did not carry out this agreement, but on the contrary entered into an oral agreement with Hiram under which petitioner assumed the care of the cemetery lots and used the total amount of the receipts from sales in its business, and, although it continued to set up on its books 10 percent of its receipts from sales, it never paid any money to Hiram and so far as the record shows this arrangement may continue indefinitely. Under these facts we do not think that this case is controlled by the decisions in the *Anderson* and the *American National Co.* cases.

Where a cemetery association is obligated to set apart a certain portion of its receipts from sales of lots for the purpose of establishing a fund for the perpetual care of such lots and has in fact not only accrued such amounts on its books but set them aside or paid them into a trust fund for that purpose, the Board and the courts have recognized the accrual of such amounts as clearly reflecting income and have either excluded them from gross income or allowed their deduction. *Los Angeles Cemetery Association*, 2 B. T. A. 495; *Greenwood Cemetery Association*, 2 B. T. A. 910; *Inglewood Park Cemetery Association*, 6 B. T. A. 386; *Evergreen Cemetery Association of Chicago*, 21 B. T. A. 1194; *Mountain View Cemetery Association*, 35 B. T. A. 893. Cf. *American Cemetery Co.* v. *United States*, 28 Fed. (2d) 918; *Portland Cremation Association* v. *Commissioner*, 31 Fed. (2d) 843; *Woodlawn Cemetery Association*, 28 B. T. A. 882. But where there is only a general obligation to maintain the cemetery or where there is an accrual and a reserve set up for a perpetual maintenance fund and no money has actually been paid into the fund, the amount has been included in income and only a deduction of the actual expense of maintenance

allowed. *Parkview Memorial Association*, 34 B. T. A. 406; *Cedar Park Cemetery Association, Inc.* v. *Commissioner*, 67 Fed. (2d) 699; certiorari denied, 292 U. S. 639; *Acacia Park Cemetery Association, Inc.* v. *Commissioner*, 67 Fed. (2d) 700. Cf. *Mt. Plymouth Corporation*, 25 B. T. A. 1201; *Union Paving Co.*, 6 B. T. A. 527.

In *Parkview Memorial Association*, *supra*, the Board said:

\* \* \* A mere appropriation to a reserve set up by a taxpayer to provide for his contractual obligations does not serve to lessen his taxable net income either by way of exclusion from gross or by way of deduction, irrespective of whether the accounting system be a cash system or an accrual system. If, however, there is a trust which the law recognizes, whether express or implied, and a prescribed part of the contract price received for a lot can be said to be received in trust, such part is excluded from gross income; or if, although not received in trust, a part is necessarily immediately turned over to an established trust, such part is deductible. \* \* \*

In *Acacia Park Cemetery Association*, *supra*, the Circuit Court of Appeals said:

\* \* \* The law permitted petitioner to keep its books on the accrual basis, which as it well states, implies that the books shall immediately reflect obligations and expenses definitely incurred and income definitely earned; and we think it further implies that the actions of the taxpayer shall be consistent with its books of account.

The rulings of the Board are consistent in permitting deductions for accrued liabilities where the books of account are kept according to the accrual method, and that permission has never been denied, in cases of trusts such as the one before us, where the money received has actually been paid into the trust fund. The Board's ruling in such cases requires the actual payment of the money into the trust fund as a prerequisite to its deduction as an accrued liability, and we think that ruling is proper. \* \* \*

Here petitioner's obligation was contractual and no amount of the receipts from sales was turned over to an established trust. Petitioner has at all times treated the entire receipts from sales as income by using it for purposes not contemplated by the original agreement with Hiram on which it relies and has failed to pay over any amounts due under that agreement. The exact terms of the oral agreement are not clear, but the term is so indefinite that it can not be said when if ever petitioner will pay over any money to Hiram.

From the facts before us we think that the amount in controversy should be included in income for the taxable year, and only the actual expense of maintenance should be deducted from income. The record does not disclose what this actual expense is, and we can not, from the facts before us, agree with petitioner's argument that 10 percent of the receipts from sales should be considered expense of maintenance.

*Decision will be entered under Rule 50.*