LILLIAN O. FEHRMAN, EXECUTRIX OF THE ESTATE OF WILLIAM H. FEHRMAN, DECEASED, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 87783.    Promulgated July 12, 1938.

*Leo V. Cleary, Esq.*, and *Clarence W. Nutt, Esq.*, for the petitioner. *Ralph F. Staubley, Esq.*, for the respondent.

OPINION.

KERN: The sole question in this case is whether the sum of money paid to petitioner, as executrix of the estate of William H. Fehrman, by the F. W. Woolworth Co. in January 1935, representing 15/24 of 10 percent of the net profits of the business of Woolworth Store No. 1, Chicago, Illinois, calculated in that month for the year 1934 pursuant to the terms of the contract set out in our findings and being compensation for the services of petitioner's decedent during the period from January 1, 1934, to the date of his death, August 14, 1934, should have been included in the gross income of the decedent for that period pursuant to section 42 of the Revenue Act of 1934,

set out in the margin.[1] To state the question more succinctly, was this payment an amount accrued up to the date of decedent's death?

The last sentence of the quoted section of the act, which is the part pertinent to this case, appears for the first time in the Revenue Act of 1934. It was written into that act by Congress largely because decisions of this Board had held that, where a decedent was on a cash basis, income which had accrued but had not been actually received by decedent did not constitute income when finally received by his estate, but constituted a part of the corpus of the estate subject to the Federal estate tax. *Estate of George Doehne*, 6 B. T. A. 1071; *Estate of John Francis McCarthy*, 9 B. T. A. 525; *Estate of William K. Vanderbilt*, 11 B. T. A. 291; *Estate of Alexander Heyman*, 25 B. T. A. 179.

The legislative purpose in including this sentence in the Revenue Act of 1934 is indicated by the report of the Committee on Ways and Means of the House of Representatives to the Committee of the Whole House and the report of the Committee on Finance of the Senate on the Revenue Bill of 1934. The pertinent part of the report of the Committee on Ways and Means is as follows:

Sections 42 and 43. Income accrued and accrued deductions of decedents: The courts have held that income accrued by a decedent on the cash basis prior to his death is not income to the estate, and under the present law, unless such income is taxable to the decedent, it escapes income tax altogether. By the same reasoning, expenses accrued prior to death cannot be deducted by the estate. Section 42 has been drawn to require the inclusion in the income of a decedent of all amounts accrued up to the date of his death regardless of the fact that he may have kept his books on a cash basis. Section 43 has also been changed so that expenses accrued prior to the death of the decedent may be deducted.

The report of the Finance Committee treats the matter as follows:

Sections 42 and 43. Period for which deductions and credits taken.

The courts have held that income accrued prior to the death of a decedent on the cash basis is not income to his estate, and under the present law, unless such income is taxable to the decedent, it escapes income tax altogether. By the same reasoning, expenses accrued prior to death cannot be deducted by the estate. Sections 42 and 43 of the House bill were so drawn as to require the inclusion in the income-tax return for the decedent of all items of income and deductions accrued up to the date of death regardless of the fact that the decedent may have kept his books on a cash basis. The change made in section 43 is necessary to effectuate the policy adopted in the House bill in section 42. By

---

[1] SEC. 42. PERIOD IN WHICH ITEMS OF GROSS INCOME INCLUDED.

The amount of all items of gross income shall be included in the gross income for the taxable year in which received by the taxpayer, unless under methods of accounting permitted under section 41, any such amounts are to be properly accounted for as of a different period. In the case of the death of a taxpayer there shall be included in computing net income for the taxable period in which falls the date of his death, amounts accrued up to the date of his death if not otherwise properly includible in respect of such period or a prior period.

reason of the proposed change such items as accrued dividends and interest on partially tax-exempt securities are permitted as a credit in computing the normal tax.

It is obvious from the language of the act and the legislative intent as disclosed by the committee reports quoted above that the purpose of Congress was to treat the income of a decedent as though he were on an accrual basis even though he was actually on a cash basis and kept his books on a cash basis, and that the phrase "amounts accrued up to the date of his death" means those amounts which would be properly included in a decedent's income if he were on an accrual basis as distinguished from a cash basis.

If petitioner's decedent had been on an accrual basis rather than a cash basis, would the amount paid to petitioner by the F. W. Woolworth Co. in January 1935 be properly considered as income accrued to the decedent at the date of his death? It is our opinion that it would not. Where a bonus or commission is earned by a taxpayer who is on an accrual basis, the amount of which is to be calculated by applying a percentage figure to net profits of a business as of the end of a year, the cases which hold that such bonuses or commissions constitute accrued income to the taxpayer for that year indicate that a condition precedent to such a holding is that the amounts be definitely ascertainable on the basis of facts ascertainable at that time and that the exact amount of the compensation be a mere matter of computation. *Theodore Stanfield*, 8 B. T. A. 787; *Max Schott*, 5 B. T. A. 79; cf. *Jerome R. George*, 27 B. T. A. 765. In the instant case the amount of the decedent's compensation for the period from January 1 to August 14, 1934, as paid by the F. W. Woolworth Co. (in an amount, time, and manner as provided for in its contract with decedent at its option) would not be ascertained at any time prior to the close of business December 31, 1934, nor were facts ascertainable prior to that date by which the amount of decedent's compensation for that period could have been computed. Therefore the amount of compensation for decedent's services from January 1 to August 14, 1934, paid by the F. W. Woolworth Co. to petitioner in 1935 was not an amount accrued up to the date of the death of petitioner's decedent.

Respondent has relied largely upon the cases of *Estate of Archibald H. Bull*, 7 B. T. A. 993, and *American National Co. v. United States*, 274 U. S. 99, for the proposition that the word "accrued" when used in the taxing statutes may have several meanings and should be construed in such a way as to make effective a clear legislative intent and to fairly reflect net income. We do not question the language or result in either case. They do not however impel us to reach a conclusion other than that which we have expressed.

*Decision will be entered for petitioner.*