ILLINOIS AGRICULTURAL HOLDING CO., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 104247. Promulgated January 2, 1942.

*C. C. Chapelle, Esq.*, for the petitioner.
*Gerald W. Brooks, Esq.*, for the respondent.

OPINION.

Tyson: Petitioner herein raises no issue and makes no contention as to the propriety of including in its gross income, subject to the credit provided for in section 26 (b) of the Revenue Act of 1936,[1] the amounts received by it in 1936 and 1937, respectively, as dividends declared and paid by the Insurance Co. on the latter's outstanding capital stock owned by petitioner.

The issue here is whether the petitioner's disbursements of $58,122.09 in 1936 and $69,667.27 in 1937 to persons other than its stockholders and pursuant to its obligation under a contract to which such persons were not parties, but which contract was entered into by petitioner with its principal stockholder, constituted distributions of profits, as determined by respondent, or, constituted ordinary and necessary business expenses deductible from gross income under section 23 (a) of the Revenue Act of 1936,[2] as contended by petitioner.

The Association, the petitioner, and the Insurance Co., although affiliated through stock ownership, were each incorporated as a separate legal entity, with separate rights and powers to carry on the particular business operations for which it was organized. The Association was organized as a nonprofit corporation for the benefit of its members. The Insurance Co. and the petitioner were each organized for profit and, in fact, realized profits in which their respective stockholders participated by way of dividends.

The facts show that the petitioner, as a separate corporate entity and as the owner of the capital stock of the Insurance Co., received dividends on such stock as its gross income for each of the taxable years in question. Out of such gross income petitioner paid its

---

[1] SEC. 26. CREDITS OF CORPORATIONS.

In the case of a corporation the following credits shall be allowed to the extent provided in the various sections imposing tax—

    &ast;        &ast;        &ast;        &ast;        &ast;        &ast;        &ast;

(b) DIVIDENDS RECEIVED.—85 per centum of the amount received as dividends from a domestic corporation which is subject to taxation under this title. &ast; &ast; &ast;

[2] SEC. 23. DEDUCTIONS FROM GROSS INCOME.

In computing net income there shall be allowed as deductions:

(a) EXPENSES.—All the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business &ast; &ast; &ast;

operating expenses and declared and paid regular annual dividends, amounting to $8,750 for each of the taxable years, to the holders of its own outstanding capital stock. Also, out of such gross income or earnings, petitioner, under its contract with the Association, made the distributions here in question to persons who had no contractual or business relations with and rendered no services to petitioner. While the petitioner's distributees purchased insurance from and paid premiums to the Insurance Co., which in turn paid dividends to petitioner, it can not be said that such distributees were doing business with or rendering services to petitioner in the production of income realized by it. The petitioner's income was produced through dividends declared by the Insurance Co. out of the latter's net profits realized from its business operations.

In each of the taxable years the petitioner was in receipt of taxable income out of which it made the distributions in question claimed as deductions from gross income. The extent to which deductions from gross income are allowable depends upon legislative grace and the taxpayer seeking a deduction must be able to point to and show that he comes within the terms of an applicable statute. *White* v. *United States*, 305 U. S. 281, 292. The petitioner points to section 23 (a), *supra*, which deals with ordinary and necessary business expenses, but, in our opinion, fails to bring itself within the terms of that section because the distributions in question were not necessary charges upon the continued operation of petitioner's business nor an outlay as a consideration for producing its income, and thus were not ordinary and necessary business expenses of petitioner.

The facts in the instant case distinguish it from *Louis C. Rollo*, 20 B. T. A. 799, and *American National Co.* v. *United States*, 274 U. S. 99, solely relied upon by petitioner. In those two cases and also in *Monroe Sand & Gravel Co.*, 36 B. T. A. 747; *Buffalo Eagle Mines, Inc.*, 37 B. T. A. 843 (the latter two cases not cited by petitioner), wherein amounts paid by the taxpayers under contractual obligations were allowed as deductible business expenses, the payments were made to the party, or parties, to the contracts who had business relations with the taxpayer, through which relations (a) the business of the taxpayer was continued or (b) income was produced for the taxpayer, so that in either event the payments made under the contracts were directly connected with the production of the taxpayer's income and constituted a charge upon the operation of its business.

*Sand Springs Railway Co.*, 21 B. T. A. 1291, 1307, 1309, is also distinguished from the instant case in that there the payments made under a contractual obligation and allowed as a business expense were necessary in order to avoid forfeiture of the taxpayer's fran-

chise to carry on its business and thus constituted an ordinary and necessary charge upon the continued operation of that business.

The sole common stockholder of the petitioner was the Association, which, after the payment made by petitioner of all dividends due on its preferred stock in each taxable year, was entitled to receive all further distributions made out of petitioner's earnings in each such years, but by the Association's contract with petitioner the Association directed the petitioner to make such further distributions (those here in question) which would otherwise have been made to it, to other persons, and the distributions were made as so directed. We are of the opinion that the Association as sole owner of the common stock of petitioner thus constructively received the distributions from profits here in question, and hold that, since such distributions did not constitute ordinary and necessary expenses, they are not deductible in computing petitioner's net income. Cf. *Gray Processes Corporation*, 43 B. T. A. 624, 640, 642; affirmed per curiam, 122 Fed. (2d) 1021.

Respondent's determination is sustained.

*Decision will be entered for the respondent.*