Harry M. Levin, Petitioner, *v.* Commissioner of Internal Revenue, Respondent.

Freda H. Levin, Petitioner, *v.* Commissioner of Internal Revenue, Respondent.

Docket Nos. 33796, 33797.   Promulgated March 24, 1954.

*Benjamin F. Kivnik, Esq.,* for the petitioners.
*Edward Pesin, Esq.,* for the respondent.

OPINION.

LeMire, *Judge:* The question presented is whether the respondent erred in disallowing to petitioners, associated in a partnership keeping its books and reporting its income on the calendar year, accrual basis of accounting, a business deduction for the full amount of a contract of advertising entered into in that year, but calling for services in subsequent years as well.

On December 17, 1946, Seberhagen, Inc., the advertising agent for petitioners' partnership, Golden Brand Food Products Company, mailed to the partnership, at the latter's request, an invoice covering advertising expense for the period from December 5, 1946, to December 4, 1947. The partnership accrued the entire amount of $8,796 on its books as an advertising expense for the taxable year ended December 31, 1946, and deducted the amount on the partnership income tax return filed for that year.

The petitioners argue that the total amount of $8,796 shown on the invoice was properly accruable by their partnership in the taxable year 1946 as its liability for that year was incurred upon the execution of the contract under which the right of cancellation existed only at the end of each year. We deem it unnecessary to determine whether the substitute contract for 5 years or the original contract for 2 years is controlling, since the right to accrue would be the same under either contract.

A taxpayer on the accrual method of accounting is not entitled to a deduction of an amount representing business expenses unless all of the events have occurred which establish a definite liability to pay and also fix the amount of such liability. Where the liability is uncertain because of the existence of a contingency the item is not accruable. *Dixie Pine Co.* v. *Commissioner*, 320 U. S. 516; *American National Co.* v. *United States*, 274 U. S. 99; and *United States* v. *Anderson*, 269 U. S. 422.

The respondent has disallowed the amount in excess of that portion applicable to the month of December 1946 on the ground that the petitioners were only contingently liable for the advertising services to be performed in a subsequent year and the allowance of the total amount involved here would not clearly reflect the partnership income for the taxable year 1946.

In our opinion the petitioners' contention cannot be sustained. Under the contract of December 1946 the petitioners incurred no liability but merely agreed to become liable to pay in the event the future services called for were performed. The measure of such an

obligation is not the contract price which the petitioners here seek to deduct but a contingent response in damages for its breach. *Hallack & Howard Lumber Co.*, 18 B. T. A. 954. That contingency not having arisen, such a liability was never incurred. In the case at bar, as in the last cited case—

We think no liability was incurred by the petitioner under its contract with Allen until, at the time in 1921 contemplated by the parties when making the contract, Allen commenced his performance. In other words, the agreement made in 1920 did not then incur a liability but was simply an agreement under which a liability would be incurred in the future. * * *

Cases dealing with the creation of reserves anticipating liabilities yet to be incurred are not without analogy. In such cases it has been well established that the accrual method of accounting does not permit the anticipation in the taxable year of future expenses in other years prior to the rendition of the services fixing the liability for which the payment is to be made. See *Spencer, White & Prentis* v. *Commissioner*, 144 F. 2d 45, certiorari denied 323 U. S. 780; *Amalgamated Housing Corporation*, 37 B. T. A. 817, affirmed per curiam 108 F. 2d 1010; and *Atlas Mixed Mortar Co.*, 23 B. T. A. 245.

The respondent properly increased the gross income of the partnership by the amount of advertising expenses improperly accrued for the year 1946 and, accordingly, the gross income of each petitioner was properly increased by the respective distributive share of the partnership income as adjusted. The precise adjustment is not disclosed by the record.

*Decisions will be entered under Rule 50.*