OLINGER CORPORATION, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 25469. Promulgated November 18, 1927.

*Geo. A. Crowder, Esq.*, for the petitioner.
*Granville S. Borden, Esq.*, for the respondent.

OPINION.

SIEFKIN: Petitioner urges that it is entitled to deduct the entire amount of a commission note given to obtain a loan in the year in which the note is given, since it kept its books and made its tax return on the accrual basis. Respondent, on the other hand, maintains that the commission be spread ratably over the two-year period of the loan, with the result that only $237.54 of a total commission of $12,500 is allowed by him as a deduction in the year in question.

In *American National Co.* v. *United States*, 274 U. S. 99, a similar question was presented. In that case the company sold loan notes to investors and at the same time contracted to pay a bonus of one per cent over the life of the loan. The company charged on its books, whenever a loan note was sold, the aggregate amount of the payments called for in the bonus contract, computed at one per cent per annum

to the maturity of the note. When it made its tax return the entire amount was claimed as an expense. The Commissioner allowed the deduction only to the extent of the installments called for by the contracts which matured in the year in question.

The Supreme Court, after citing *United States* v. *Anderson*, 269, U. S. 422, 437, said:

So, in the present case, we think that the amount of the bonus contracts was "an expense incurred and properly attributable" to the Company's process of earning income during the year 1917. These contracts were not analogous to obligations to pay interest on money borrowed, but were expenses incurred in selling the loan notes in as real a sense as if under its original system of doing business the Company had paid these amounts to brokers as fees for selling the loans or given them notes for such fees. The Company's net income for the year could not have been rightly determined without deducting from the gross income represented by the commission notes, the obligations which it incurred under the bonus contracts, and would not have been accurately shown by keeping its books or making its return on the basis of actual receipts and disbursements. The method which it adopted clearly reflected the true income. And, just as the aggregate amount of the commission notes was properly included in its gross income for the year—although not due and payable until the expiration of two years—so, under the doctrine of the *Anderson* case, the total amount of the bonus contracts was deductible as an expense incurred within the year, although it did not "accrue" in that year, in the sense of becoming then due and payable.

We believe this decision of the Supreme Court controls the instant case, and that the respondent was in error in not permitting the deduction of the entire amount of the commission in 1922.

Reviewed by the Board.

> *Judgment will be entered after 15 days'*
> *notice, under Rule 50.*