JULIA STOW LOVEJOY, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 27242.    Promulgated February 14, 1930.

*Pierpont J. E. Wood, Esq.*, for the petitioner.
*Harold Allen, Esq.*, for the respondent.

**1180**

**OPINION.**

STERNHAGEN: In filing her return the petitioner took as a deduction $9,779.58, the aggregate of the four items paid in 1924 in connection with the mortgage loan of $175,000. The respondent, after audit, made several adjustments, among which was the disallowance of this deduction. It is not entirely clear but what respondent substituted a deduction of part of this amount upon some basis of apportionment; but whatever the method of computation, the essence of the adjustment is that the amounts paid were called capital expenditures and hence the deduction was disallowed in their entirety for the year paid.

The respondent in his brief for the first time urges that petitioner was not engaged in business and that therefore the payment is not deductible as a business expense. But the evidence is in our opinion clear that petitioner was carrying on a business and that these payments, whatever their character under the revenue act, were made in business transactions.

The question of their treatment under the statute in determining net income is a difficult one. It can not be decided on the ground that petitioner chose to use an accounting method of actual cash receipts and disbursements and to charge off the amounts in the year of payment. There must be, for judicial purposes, a more universal standard; for if to permit this taxpayer to deduct in the year of payment would result in requiring another taxpayer to do so, it must be because the deduction is fair and proper in all cases.

This is among the reasons for section 212. While the taxpayer's regular method of accounting is a first consideration in determining income, it must give way if it does not clearly reflect income. Thus, even although a taxpayer were to adopt a pure cash method, recording only cash receipts and disbursements and ignoring all else, he would not be permitted to deduct a cash disbursement for a substantial asset, such as machinery, the effect of which is to be felt in the business of future years. This would be called a capital expenditure, and it is illogical that it should be charged against the earnings of a single year and accounted for as if it were gone and had no continuing ownership and value. The statute does not sanction any method of accounting unless it clearly reflects income. When, therefore, an item is sought to be deducted, it is not sufficiently supported buy a showing that taxpayer's accounting method is categorically called the " cash method " or that the entry on the accounts is consistent with such method. It must be shown further that the method employed and the entry result in a clear and legally correct income. However important or unimportant it may be to an individual for his own uncontrolled purpose whether on his books an item is charged off or carried along, when he comes to the determination of taxable income it must be computed as the statute prescribes and his figures must be adjusted to that end. Manifestly, the standard for a fairly distributed Federal tax burden was not intended to be the varying accounts of individual taxpayers but the uniform statutory method. Consistently with the statute, the methods of accounting may vary widely and may yet be given recognition. But the variation may not go outside the field of the statute; and when it does, its sanction is lost.

The petitioner in 1924, for the purpose of securing the use of capital and applying it to the construction of a building from which she was to derive rent over a long period of years, spent $9,779.58 for commissions, fees, and printing. The loan is for a period of years which is stated in one place in the revenue agent's report put in evidence by petitioner to be fifteen years and in another place to be ten years. She contends that since she kept her accounts and made her return on a so-called " cash basis " and charged this item off, she is entitled to deduct it in determining 1924 income. As statutory net income admits of only the deductions enumerated and described in section 214, she seeks to bring the item within the statute as an " ordinary and necessary expense paid or incurred during the taxable year in carrying on " her business. Although this language is broad enough to require constant interpretation, it still falls short of including items like this, which are not among current operating costs, are not ordinary but only occasional and infrequent, and have their effect upon,

and are therefore related to, not only the income of the year but also the income of the future. This item, notwithstanding the accounting charge-off, may not be forgotten, and throughout the period of the loan at least it will be remembered that the amount of $9,779.58 is an inherent cost of its financing.

The petitioner argues that this can not be treated as a capital investment because it resulted in no asset and did not increase the value of her property. It is unnecessary to become involved in terminology. The language of the statute may not be so precise as to result in perfect correlation. There is no reason to say that a disbursement which is not a statutory " expense " must therefore be a " capital expenditure " or " investment." Nor does it follow that, because an item is not enumerated in section 215 as nondeductible, it must be deductible. Conceivably, an item may elude all of the statutory categories, although short of doing violence to the express provisions, it is the function of judicial construction to harmonize the law so as to preserve its essential plan and purpose.

The result of this disbursement was that petitioner had for ten or fifteen years the use of another's money as the basis of deriving income. Presumably, she believed, when she incurred these items of cost and paid them, that she would secure income enough to enable her to pay interest on the loan and recoup these initial payments either out of income or ultimate sale. The reasonableness of such a supposition persists even if in the science of accounting there were no device for recording the continuing effect of the payment. That ordinarily such a payment is not reflected among the assets of of a balance sheet is not controlling. If, notwithstanding petitioner's so-called cash basis, she had prepared a balance sheet and had included in her assets this item by whatsoever designation so long as it disclosed the facts, such a schedule would have been beyond reproach.

In its essence such a disbursement is not unlike bond discount, prepaid rent, cost of acquiring or disposing of a leasehold or term contract and many other transactions. They should be spread over the definite period of the loan, lease, or contract. *Chicago, Rock Island & Pacific Railway Co.*, 13 B. T. A. 988; *J. Alland & Brother, Inc.*, 1 B. T. A. 631; *Alland* v. *United States*, 28 Fed. (2d) 792; *United States Playing Card Co.*, 15 B. T. A. 975; *Bonwit Teller & Co.*, 17 B. T. A. 1019. This is on the theory that they result in property of a sort and its cost is being exhausted proportionately over a period of years and should be provided for on the basis of time, production, or otherwise. Sec. 214 (a) (8).

While they are in some respects similar to commissions paid for the issuance of stock, the difference is in the definiteness of the fact

of exhaustion and of period over which provision can be made for its recovery. See *Emerson Electric Manufacturing Co.*, 3 B. T. A. 932; *Simmons Co.*, 8 B. T. A. 631; affd., 33 Fed. (2d) 75; certiorari denied, 280 U. S. 66A.

We are of opinion that the respondent correctly disallowed the deduction in 1924 of the items in question as ordinary and necessary expenses.

This is to some extent inconsistent with *Olinger Corporation*, 9 B. T. A. 170, and *Robert H. McNeill*, 16 B. T. A. 479. The *McNeill* case has already been limited by *Bonwit Teller & Co.*, 17 B. T. A. 1019; and the *Olinger* case is now overruled. Upon further thought, we regard *American National Co.* v. *United States*, 274 U. S. 99, and *United States* v. *Anderson*, 269 U. S. 422, as not requiring the conclusion reached in the *Olinger* case, and our opinion in the present case is, we think, supported by those decisions.

Reviewed by the Board.

*Judgment will be entered under Rule 50.*

SMITH, dissenting: The petitioner made her income-tax returns upon the basis of cash receipts and disbursements. In such returns she could deduct from gross income as ordinary and necessary expenses only amounts actually paid out. In *Olinger Corporation*, 9 B. T. A. 170, we held that a note given for securing a loan was deductible as an expense in the year given where the petitioner was on the accrual basis. In *Robert H. McNeill*, 16 B. T. A. 479, involving the same point as is involved in this proceeding, we held that amounts paid out in obtaining lessees are deductible expenses of the year in which paid. The decision in the *McNeill* case was followed by the United States District Court, Southern District of New York, in *Daly* v. *Anderson*, 37 Fed. (2d) 728, in which the court held that a commission paid in 1923 to a broker for obtaining a 21-year lease on the taxpayer's property to begin in 1931 was deductible in 1923 by the taxpayer where on a cash receipts and disbursements basis. Those decisions are, I think, in line with *American National Co.* v. *United States*, 274 U. S. 99, and *United States* v. *Anderson*, 269 U. S. 422. It is not to be presumed that Congress contemplated the spread of an expense of the nature of that paid out by the petitioner in 1924 over a series of years. Such a method of charging off the expense is entirely foreign to the petitioner's method of keeping her books of account and making her tax returns. It needlessly complicates the administration of the income-tax law. If the petitioner were on an accrual basis it might be proper to treat the amount as a deferred expense and then to spread the charge. But the petitioner was not on an accrual basis. The income tax is levied not on economic income

but upon net income to be determined in the manner prescribed by the taxing statutes. In years subsequent to 1924, the petitioner is not entitled to deduct any part of the amount expended by her in 1924 in securing the money borrowed. The expense paid in 1924 is a legal deduction from income of 1924.

LANSDON, TRUSSELL, LOVE, and VAN FOSSAN agree with this dissent.