HORN & HARDART BAKING CO., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 32383.   Promulgated April 25, 1930.

*Andrew S. Wilson, C. P. A.,* for the petitioner.

*W. Frank Gibbs, Esq.,* and *O. W. Swecker, Esq.,* for the respondent.

OPINION.

BLACK: The facts plainly show that the amounts accrued by petitioner for the payment of bonuses for the fiscal year ending September 30, 1924, were not paid and did not become a liability during such fiscal year, but only after December 1, 1924, and were actually incurred and paid in the fiscal year following that in which they were accrued, to wit, the fiscal year ended September 30, 1925.

The accruals made for the fiscal year ended September 30, 1925, were not paid nor was any liability incurred therefor until after December 1, 1925, which was in the fiscal year ended September 30, 1926, which is not before us.

Section 234 (a) (1), Revenue Act of 1924, provides:

(a) In computing the net income of a corporation subject to the tax imposed by section 230 there shall be allowed as deductions:

(1) All the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business, including a reasonable allowance for salaries or other compensation for personal services actually rendered, and including rentals or other payments required to be made as a condition to the continued use or possession of property to which the corporation has not taken or is not taking title, or in which it has no equity.

It will be observed that the Act provides that in order to be deductible the ordinary and necessary expenses must be paid or incurred. In the instant case petitioner does not claim to have paid the amounts accrued for bonuses during the year in which it accrued them, and it is equally clear that liability therefor was not incurred until December 1 of the following year. In order to be deductible or accruable for tax purposes, the liability must be fixed or incurred during the taxable year. Here the right to the bonus and the liability therefor did not arise until the year following that in which accrued and claimed by petitioner, for it was dependent on the employee remaining in petitioner's service until December 1 in the following fiscal year. The action of respondent in allowing the actual amounts paid in the year in which they were incurred and paid was correct and is approved. *Fuller Brush Co.*, 8 B. T. A. 855; *Southland Coal Co.*, 16 B. T. A. 50; *Naitove & Co. v. Commissioner*, 32 Fed. (2d) 949; *Field & Start*, 17 B. T. A. 1206; *Hallock & Howard Lumber Co.*, 18 B. T. A. 954; *Block & Kohner Mercantile Co. v. United States*, 33 Fed. (2d) 196; affd., C. C. A., 8th Cir., 37 Fed. (2d) 877.

Relative to the claim for deduction for the fiscal year ended September 30, 1925, of the sum of $53,750 paid as commissions for sale of mortgage bonds secured by mortgage of petitioner's properties, it is sufficient to say that we have recently had this question before us in the case of *Julia Stow Lovejoy*, 18 B. T. A. 1179, which is practically on all fours with the instant case. It was there held that such an expense is a capital expenditure and that it was not deductible in full in the year when paid or incurred, but should be spread over the life of the bonds. That case is controlling here. This is what the respondent did and his action is approved. Cf. *Emerson Electric Manufacturing Co.*, 3 B. T. A. 932; *Chicago, Rock Island & Pacific Railway Co.*, 13 B. T. A. 988.

*Judgment will be entered for the respondent.*