CENTRAL BANK BLOCK ASSOCIATION, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 40984. Promulgated May 28, 1930.

*W. A. Sutherland, Esq.,* for the petitioner.
*P. M. Clark, Esq.,* for the respondent.

## OPINION.

Trammell: In the year 1922 the petitioner, acting through an agent, entered into a contract whereby it leased its property for a period of 50 years at a stipulated annual rental, increasing with each 5-year period. As compensation for the services rendered in that connection, the petitioner agreed to pay to the agent total commissions of $21,118.67, which were paid in three installments as follows: $1,118.67 in 1922, and $10,000 in each of the years 1923 and 1924. The lease contract became operative in 1925, that is to say, the 50-year period began to run in that year.

The petitioner contends that the amount of the commissions paid represents an expense and, since it was on a cash receipts and disbursements basis, it is entitled to deduct from income the amount paid in cash in each of the respective years.

The petitioner's alternative contention is that the commission should be spread, if spread at all, to allow a deduction in each year in an amount which bears the same ratio to the total commission as the annual rental bears to the present worth of the total rental to be received and not ratably or one-fiftieth of the amount each year as contended by the respondent.

The respondent takes the position that the expenditures in question resulted in the acquisition of a capital asset, and that the amount should be spread ratably over the life of the contract, resulting in an allowable deduction of one-fiftieth of the total amount for each year. The deductions of $1,118.67 taken for 1922 and $10,000 taken for 1923 were not disturbed by the respondent and those years are not before us. However, the respondent disallowed the deduction of $10,000 claimed for 1924, which is one of the taxable years, on the ground that the lease contract did not begin to run until 1925, and for the latter year the respondent allowed a deduction of $200, or one-fiftieth of the $10,000 paid in 1924.

In *Bonwit Teller & Co.*, 17 B. T. A. 1019, and *Julia Stow Lovejoy*, 18 B. T. A. 1179, we considered at length situations which, in all material respects, involved the principle presented in the instant case. On authority of those decisions the contention of the petitioner, that it is entitled to deduct from income of each year the amount of commission paid in such year as ordinary and necessary expense, is denied, and the expenditure should be treated as in the nature of or analogous to a capital investment. The acquisition of something from which income will be derived in the future has a value in money's worth. It is property of a sort. See *Anahma Realty Co* v. *Commissioner*, 42 Fed. (2d) 128, and *Julia Stow Lovejoy*, *supra.* Its cost should be spread or amortized over the life of the lease contract in accordance with the factors which determine or affect the rate of exhaustion thereof. The Commissioner has treated the expenditure as a capital investment and has spread the deduction on account of exhaustion thereof ratably over the life of the lease on a time basis. The petitioner has not shown that such a deduction does not afford the " reasonable allowance " as provided by statute, nor do we find in the record evidence of any factor affecting the exhaustion of the lease other than the lapse of time. In this case it is not shown that any other factor affected the exhaustion. We therefore hold that the expenditure should be spread and allowed as deductions over the years of the lease on the time basis as allowed by the respondent.

We have considered the case of *Daly* v. *Anderson*, decided by the District Court for the Southern District of New York, January 29, 1930, contrary to the view here expressed, but are unable to agree therewith.

We see no reason to depart from our view as expressed in the above cited cases.

The action of the respondent in denying a deduction for the year 1924 is approved, since the 50-year period provided in the lease contract did not begin to run in that year. For the taxable year 1925, the petitioner is entitled to a deduction from gross income in the amount of one-fiftieth of the amount of the total commission paid. The fact that the petitioner in good faith erroneously claimed and was erroneously allowed a deduction of $1,118.67 for 1922 and a deduction of $10,000 for 1923 can not operate to bar its right to proper deductions in the subsequent taxable years. *Liberty Insurance Bank*, 14 B. T. A. 1428.

Reviewed by the Board.

*Judgment will be entered under Rule 50.*