*294 OPINION.
Smith:
The petitioners claim to be affiliated for the years 1922 and 1923. In their petitions they also claim to be affiliated for 1924, but at the hearing of these proceedings that claim was waived. Whether they were affiliated or not, they are not permitted to have *295 tlieir tax liabilities determined upon the basis of consolidated returns unless the group actually filed a consolidated return for 1922. If a consolidated return was filed for 1922, and if the petitioners were affiliated,' a consolidated return was required for 1923, the petitioners not having received permission to change the basis for the filing of the return for that year over that used for 1922.
There can be no question but that a consolidated return was filed for 1922. At least a part of the corporations which claimed to have been affiliated for 1922 joined in such consolidated return. Since a part of them joined in that return, all of them which were affiliated should have joined in the return. Southern Power Co. et al., 17 B. T. A. 962. Since the petitioners made an attempt to file a consolidated return for 1922, and since no permission was granted by the Commissioner for a change of basis for filing returns for 1923, the petitioners were obligated to file a consolidated return for 1923, providing they were affiliated for that year. George Freese's Sons, 18 B. T. A. 416; Brownsville Ice & Storage Co., 18 B. T. A. 439; Brooklyn Beading & Novelty Co., 18 B. T. A. 450; Weidmann Silk Dyeing Co., 18 B. T. A. 642.
Section 240 of the Revenue Act of 1921 provides in part:
(a) That corporations which are. affiliated within the meaning of this section may, for any taxable year beginning on or after January 1, 1922, make separate returns or, under regulations prescribed by the Commissioner with the approval of the Secretary, make a consolidated return of net income for the purpose of this title, in which case the taxes thereunder shall be computed and determined upon the basis of such return. If return is made on either of such bases, all returns thereafter made shall be upon the same basis unless permission to change the basis is granted by the Commissioner.
* * * * * * *
(c) For the purpose of this section two or more domestic corporations shall be deemed to be affiliated (1) if one corporation owns directly or controls through closely affiliated interests or by a nominee or nominees substantially all the stock of the other or others, or (2) if substantially all the stock of two or more corporations is owned or controlled by the same interests.
The question as to whether seven of the corporations which claimed to be affiliated for the years 1922 and 1923 were affiliated for the years 1918, 1919, and 1920 was before us in M. S. C. Holding Corporation et al., 7 B. T. A. 216, and we held that the following corporations were affiliated:
960 Park Avenue Co., Inc.
630 Park Avenue Co., Inc.
907 Fifth Avenue Co., Inc.
M. S. C. Holding Corporation
C. C. Corporation
550 Park Avenue Corporation
K. T. B. Realty Corporation
*296 In our opinion we stated:
It is apparent from tile findings of fact that J. E. R. Carpenter, his relatives and Francis R. Mayer constituted the same interests. Each of the five individuals, J. E. R. Carpenter; Mrs. M. S. Carpenter, his wife; E. M. Stires, his brother-in-law; J. H. Carpenter, his brother; and Francis R. Mayer, his brother’s business partner and his own personal friend, did not hold the same amount of stock or even any stock in all of the eight corporations, but we are convinced that under the facts in this case that was not necessary.
The facts with respect to the affiliation status of these corporations in 1922 and 1923 are not materially different from those obtaining for the years 1918, 1919, and 1920. Since 1920, four other corporations have come into the group of corporations dominated by J. E. R. Carpenter, namely, the Carthos Corporation, 1143 Fifth Avenue Corporation, 1148 Fifth Avenue Corporation, and 920 Holding Corporation. The provisions of the Revenue Act of 1921, so far as pertinent here and relating to the affiliation of corporations, are not materially different from those of the Revenue Act of 1918. It is apparent, therefore, that if we are to hold that this group of corporations is not affiliated for 1922 and 1923, we must of necessity overrule our opinion in 7 B. T. A. 216. We see no reason for so doing. The key to the problem involved is the answer to what constitutes the “ same interests ” within the meaning of section 240 (c) of the taxing statute quoted above. We stated in Bishell Phonograph Go., 2 B. T. A. 229:
* * * When Congress said “ controlled by the same interests,’’ we believe it meant something broader than persons or individuals. If “ the same interests ” was intended to mean only “ the same persons,” it would have been easy for Congress, by using the latter term, to have avoided all ambiguity. When two persons are guided in their action by a common interest (in the objective sense), they frequently constitute a single interest (in the subjective sense). * * *
In the group of corporations herein involved there .were no hostile interests. All of. the corporations were under the management and domination of J. E. R. Carpenter. The five individuals, J. E. R. Carpenter; his wife; J. H. Carpenter; his brother-in-law, E. M. Stires; and Francis R. Mayer, had a common interest; that is,.the success of all of the corporations with which J. E. R. Carpenter was connected depended upon his efforts. There was no hostile outside interest. The mere fact that certain of these individuals owned no stock in some of the corporations and owned stock in different proportions in other corporations is not, we think, a sufficient ground for denying that they were the same interests within the meaning of the statute. In the case of Commissioner v. Adolph Hirsch & Co., 30 Fed. (2d) 645, the facts were that Adolph Hirsch had a 60 per cent interest in the firm of Adolph Hirsch & Co. and his brother a 40 per cent interest. They then incorporated in 1919 as Adolph *297 Hirsch & Co., Inc. Fifteen per cent of the stock was transferred to their nephew. Adolph Hirsch owned 43.47 per cent and his brother owned 13.21 per cent of the stock of the Brazilian corporation. In the course of its opinion the court stated:
The Hirsch brothers owned together 94.85 per cent, of the shares of stock of the respondent and 55.63 per cent, of the Brazilian Company. We may regard the Hirsch brothers as of the same “ interest.” * * *
Although the stock of the petitioner corporations and their affiliates was owned in widely different proportions by the members of the Carpenter group, we are, nevertheless, of the opinion that they constituted the same interests within the meaning of the taxing statute, and since they controlled substantially all of the stock of the corporations, we are of the opinion that in the circumstances of these proceedings the corporations -were affiliated in 1922 and 1923 for income-tax purposes.
The final question presented is whether two of the petitioners, the 920 Holding Corporation and the 950 Park Avenue Corporation, are entitled to deduct from gross income for the year in which paid certain commissions to real estate brokers for securing tenants. The amounts paid were included as a part of the operating expenses of the year in which paid both upon the petitioners’ books of account and in the income-tax returns filed. The Commissioner has disallowed the deductions, it being his contention that the amounts expended in obtaining leases should be charged off by the corporations paying the commissions over the periods covered by the leases. This he has done in the determination of the deficiencies involved herein, and the parties have stipulated that if as a matter of law the petitioners are not entitled to the deduction of the commissions in the year in which paid, the allocation of the amount to the different years by the respondent is correct.
In our findings we have stated the basis upon which the petitioners’ books of account and the returns were made. They were neither made upon a cash receipts and disbursements basis nor upon an accrual basis. Section 212(b) of the Revenue Act of 1921 provides:
The net income shall be computed upon the basis of the taxpayer’s annual accounting period * * * in accordance with the method of accounting regularly employed in keeping the books of such taxpayer; but if * * * the method employed does not clearly reflect the income, the computation shall be made upon such basis and in such manner as in the opinion of the Oommis-sioner does clearly reflect the income. * * *
We must assume, from the fact that the Commissioner did not accept the method of accounting employed by the taxpayer, that he was of the opinion that the books of account and the returns filed in accordance therewith did not correctly reflect net income. We have *298 also held in Bonwit Teller & Co., 17 B. T. A. 1019, and Central Bank Block Association, 19 B. T. A. 1183, that commissions paid to real estate agents in obtaining leases are not ordinary and necessary operating expenses to be deducted in their entirety from gross income for the year in which paid, but that they should be treated as a capital item and charged off over the period of the leases. Those decisions of the Board are controlling here. The action of the Commissioner upon this point is sustained.

Judgment will be entered under Bule BO.