*489 OPINION.
Black :
The question of the allowance of the bonus to employees as accrued by the petitioner, instead of an allowance of the amount actually paid in each fiscal year, was considered by the Board in Docket No. 32383, Horn & Hardart Baking Co., 19 B. T. A. 704, and on the authority of that case the issue is decided adversely to the petitioner. The action of the respondent in allowing petitioner deductions of the amounts actually paid to employees as’ bonuses in each of the taxable years is approved.
The disallowance of the deduction of the item of $7,500 representing law fees paid in connection with the loan of $2,000,000, except on the basis of prorating the deduction over the life of the loan, is approved. This was a necessary part of the expense in obtaining the loan, just as the commission paid the bankers was, and should be treated in the same way and spread as a deduction over the life of the loan, which was done by the respondent. This was correct. Julia Stow Lovejoy, 18 B. T. A. 1179; Horn & Hardart Baking Co., 19 B. T. A. 704.
The third error complained of by petitioner was the failure of respondent to allow $5,560.47 loss on furniture, fixtures, and appliances contained in a building condemned by the city of Philadelphia for public purposes, for the fiscal year 1927. Petitioner claims the right to deduct such loss under section 234 (a) (4), which permits the deduction of losses sustained during the year and not compensated for by insurance or otherwise. Article 143, Regulations 69, reads:
Art. .143. Loss of useful value. — When, through some change in business ■ conditions, the usefulness in the business of some or all of the capital assets is suddenly terminated, so that the. taxpayer discontinues the business or discards such assets permanently from use in such business, he may claim as a loss for the year in which he takes such action the difference between the basis (see article 141) and the salvage value of the property. In determining the amount of the loss, adjustment must be made, however, for improvements and for depreciation. This exception to the rule requiring a sale or other disposition of property in order to establish a loss requires proof of some unforeseen cause by reason of which the property has been prematurely discarded, as, for example, where an increase in the cost or change in the manufacture of any product makes it necessary to abandon such manufacture, to which special machinery is exclusively devoted, or where new legislation directly or indirectly *490 makes the continued • profitable use of the property impossible. This exception does not extend to a case where the useful life of property terminates solely as a result of those gradual processes for which depreciation allowances are authorized. It does not apply to inventories or to other than capital assets. The exception applies to buildings only when they are permanently abandoned or permanently devoted to a radically different use, and to machinery only when its use as such is permanently abandoned. Any loss to be deductible under this exception must be charged off on the books and fully explained in returns of income.
The award which was made to petitioner by the city of Philadelphia in the condemnation proceedings included damages for the taking of land, building and improvements, but did not include furniture and fixtures. On this point the manager of petitioner’s business testified at the hearing as follows:
Q. This award for damages, just what did that cover, what did the City of Philadelphia pay you for?
A. It was for the land, buildings and improvements erected thereon.
Q. Now when you say “ improvements erected thereon,” are you differentiating between your furniture, fixtures and apparatus as an improvement, or do you mean assets were actually attached to the land?
A. That is considering the building and what they mean by the building and improvements such as elevators and boilers for heating purposes and those things.
Q. Let me put it another way — Did you receive anything in this award covering your furniture, fixtures and apparatus?
A. No, not what we class as furniture, fixtures and apparatus.
Q. Now, before actually vacating that building, you had some furniture, fixtures and apparatus in there which could be moved — what became of that?
A. It was practically all left right there, because in equipping our restaurants our counters and so forth are built to fit the space in that particular floor and to tear them out and refinish them and rebuild them to fit in with our line-up of equipment in other restaurants is more expensive than to line-up new stuff and the facts are that very seldom can anything be used, consequently it was just left as junk.
* # * * * *
Q. And what was the amount you charged off?
A. $5,560.47. That represents the undepreciated cost of our furniture and fixture account.
Under these circumstances, we think respondent erred in refusing to allow petitioner to deduct from its 1927 income the item of $5,560.47. This item was deductible under section 234 (a) (4) and article 143, Regulations 69, Revenue Act of 1926. See A. R. R. 469, O. B. 4, p. 164.
Petitioner’s last assignment of error is to the effect that respondent erred in methods and rates of depreciation for both taxable years, resulting in insufficient depreciation allowances to petitioner of $5,998.68 for 1926 and $7,352.73 for 1927. .As we have pointed out in our findings of fact, respondent allowed petitioner $12,528.97 *491 more depreciation for 1926 than it claimed on its return and $7,352,715 less than it claimed in its return for 1927. The treatment by respondent of these depreciation items for the respective taxable years was consistent. The rates at which depreciation was allowed were just and reasonable and petitioner has offered no evidence which would be adequate cause for us setting aside respondent’s determination of the depreciation items. Respondent’s action in this respect is therefore approved.’

Judgment will be entered under Rule 50.