RICHARD G. BABBAGE AND SETH SPRAGUE TERRY, EXECUTORS OF THE ESTATE OF FREDERICK M. HILTON, DECEASED, PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 47770. Promulgated November 15, 1932.

*George R. Jackson, Esq.*, and *Henry Varay, C. P. A.*, for the petitioners.

*C. C. Holmes, Esq.*, for the respondent.

OPINION.

TRAMMELL: The sole issue in this proceeding is whether or not the petitioners are entitled to a deduction from gross income for the taxable year on account of legal fees and expenditures made in connection with certain litigation arising from the construction of a building by a lessee on real estate in which the decedent owned a one-half interest. The decedent kept his books and reported his income for tax purposes on the basis of cash receipts and disbursements.

The decedent originally claimed a deduction for legal fees in the amount of $4,962.24, and for court costs, printing briefs and other similar items in the amount of $433.65, making a total of $5,395.89. The parties have since stipulated that the amount paid by the decedent during the taxable year 1926 for legal fees was $2,500, so that the total deduction now claimed by the petitioners is $2,933.65.

The petitioners contend that the deduction of said amount from income for 1926 should be allowed as an ordinary and necessary business expense. The respondent disallowed the deduction as originally claimed on the ground that it represented a capital expenditure, and now contends in effect that the stipulated amount paid by the decedent during the taxable year was in the nature of a capital expenditure which should be allowed as deductions spread ratably over the life of the lease.

A lease contract represents a valuable property right, the right to receive the stipulated rental. The expenditures here in question pertain not alone to the earning of income in the taxable year, during which year they were paid, but are incidental to the earning of income throughout the life of the lease contract. Such expenditures should therefore be exhausted or spread proportionately over the life of the contract, and this is true whether the taxpayer is on a cash or accrual basis.

In *Julia Stow Lovejoy*, 18 B. T. A. 1179, we held that commissions, fees and printing costs paid by a taxpayer in securing a loan for a period of years covered by a mortgage on property to be leased were not deductible in full in the year of payment, even though the taxpayer was on a cash basis. In that connection we said at page 1182:

In its essence such a disbursement is not unlike bond discount, prepaid rent, *cost of acquiring or disposing of a leasehold or term contract* and many other transactions. They should be spread over the definite period of the loan, lease or contract [citing authorities]. This is on the theory that they result in property of a sort and its cost is being exhausted proportionately over a period of years * * *." [Italics supplied.]

In *Central Bank Block Assn.*, 19 B. T. A. 1183; affd., 57 Fed. (2d) 5, we applied the principles of the *Lovejoy* decision in holding that commissions paid by a lessor to an agent for services in procuring a lease contract on the lessor's property for a period of 50 years represented cost of the lease contract, and that such cost should be spread and allowed as deductions over the years of the lease on the time basis.

In the instant case it is apparent that the lease contract in question was entered into by the lessors in full contemplation of the restrictive clause in the deed by which they took title to the property, and that they anticipated litigation would probably be instituted to prevent the carrying out of the terms of the contract. Such litigation did in fact ensue, which, however, terminated favorably to the lessors. They were thereafter in position to receive the money rentals and to enjoy all other benefits which accrued to them by virtue of the lease contract. The attorneys' fees and court costs paid in connection with said litigation, therefore, represent the cost to the lessors of the unimpaired contract. The value of that contract was and is being exhausted in proportion to the passage of time, and an aliquot portion of the cost should be allowed as a deduction from gross income for each year of the life of the contract. The life of the contract was 21 years from July 1, 1924, and the decedent's portion of the cost paid in 1926 was $2,933.65. For the said taxable year the allowable deduction is $139.69. The deficiency will be redetermined accordingly.

*Judgment will be entered under Rule 50.*