*542 OPINION.
Trammell :
The first issue here, which is common to all three of the present consolidated cases, is whether the aggregate amount paid by the petitioners in 1923 to secure cancellation of the lease to the Chicago Surface Lines on a portion of the Borland Building constituted business expense deductible from gross income for that year, or whether the amount should be treated as a capital expenditure, to be returned through deductions prorated over the unexpired term of the canceled lease. Each of the petitioners deducted his or her proportionate part of the payment from 1923 income, and contends that the action of the respondent in disallowing these deductions was erroneous, citing in support of such contention our decision in Higginbotham-Bailey-Logan Go., 8 B. T. A. 566.
In Henry B. Miller, 10 B. T. A. 383, we specifically held that an amount paid by a lessor to his lessee as consideration for the cancellation of a lease was a capital expenditure, recoverable through deductions spread over the unexpired term of the lease, and in effect overruled our prior contrary decision in Higginbotham-Bailey-Logan Co., supra. In Charles B. Bretzfelder et al., Executors, 21 B. T. A. 789, we cited with approval and followed the Miller decision in holding that an amount paid by a lessee to his sublessee for cancellation of a sublease constituted a capital expenditure, and therefore was not deductible as a business expense.
An amount paid by a lessor as consideration for the cancellation of a lease represents the cost to the lessor of acquiring a valuable property right, namely, the right to the possession, enjoyment and use of his property for the remaining unexpired term of the lease, and the cost of such a capital asset should be returned through deductions spread over the life of the asset, that is, the unexpired term of the canceled lease. In its nature such an expenditure is not fundamentally different from the payment of a sum of money as a commission or other expense to procure a lease. This principle was stated by us in Julia Stow Lovejoy, 18 B. T. A. 1179, where we said at page 1182:
In its essence sucli a disbursement is not unlike bond discount, prepaid rent, cost of acquiring or disposing of a leasehold or term contract and many other *543 transactions. They should be spread over the definite period of the loan, the lease, or contract. [Citing authorities.] This is on the theory that they result in property of a sort and its cost is being exhausted proportionately over a period of years * * *.
For the reasons indicated and on authority of the decisions above cited, the respondent’s action on the first issue is approved.
The second issue, which is also common to all three of the present cases, concerns the proper method of treating the expenditures made by the petitioners in 1923 for installing new partitions in the space formerly occupied by the Chicago Surface Lines in the Borland Building. These partitions were constructed of building tile and plaster, securely fastened to the building, and were intended generally to remain in use at least during the life of the leases. They were not temporary or removable partitions, but did not increase the value of the building as a whole. The petitioners deducted from 1923 income as a business expense their respective shares of these expenditures, which deductions were disallowed by the respondent and the amounts spread over the remaining life of the building as capital expenditures. We have repeatedly held that such expenditures are capital and are not deductible as a business expense', whether or not they increase the value of the property. Popular Dry Goods Co., 6 B. T. A. 78, 83; Borrnit Teller & Co., 17 B. T. A. 1019, 1026; Charles B. Bretzfelder et al., Executors, supra, at page 793. On the second issue, the action of the respondent is affirmed.
The third issue, which pertains only to the cases of Chauncey B. Borland, Docket No. 31289, and Bruce Borland, Docket No. 31290, is whether petitioners are entitled to deduct from gross income for 1924 as a business expense the amount of $38,000 paid by them in that year to a real estate broker as a commission for securing two leases on property owned in part and held under lease in part by petitioners, for a term of 64 years and 4 months. These petitioners kept their books and reported their income for tax purposes on the cash basis.
It is our settled opinion that a commission paid for negotiating a long-term lease is not a business expense, deductible entirely from income of the year in which paid or accrued, but is a capital expenditure, recoverable through deductions spread ratably over the life of the lease; and this rule is applicable whether the lessor keeps his books and reports his income by the accrual method or on the basis of cash receipts and disbursements. Bonwit Teller & Co., supra, p. 1024; Gentral Bank Block Assn., 19 B. T. A. 1183; affd., 57 Fed. (2d) 5; Sigmund Spitzer, 23 B. T. A. 776, 778; Starr Piorno Co., 26 B. T. A. 835. Cf. Julia Stow Lovejoy, supra; Rickard G. Babbage et al., Executors, 27 B. T. A. 57.
27 B. T. A.
*544 The respondent disallowed the deductions claimed by the petitioners as business expense and prorated the commission in question over the life of the lease contracts. The respondent’s action on this point is approved.

Judgments will be entered for the respondent