Louis Cohen et al. [1] v. Commissioner. Cohen v. Commissioner
Docket Nos. 63366-63368.
United States Tax Court
T.C. Memo 1958-55; 1958 Tax Ct. Memo LEXIS 175; 17 T.C.M. (CCH) 284; T.C.M. (RIA) 58055; April 8, 1958
*175 Printing expenses of a lottery business and the loss incurred in the operation of a restaurant-bar business conducted without a license allowed under Commissioner v. Sullivan, - U.S. - (Mar. 17, 1958). Certain other deductions claimed as business expenses, and disallowed by respondent as not having been substantiated, allowed either in full or in part. Respondent's determination of additions to the tax in 1954 under section 294(d), I.R.C. 1939, sustained for lack of proof. Allen M. Mesirow, Esq., for the petitioners. Charles P. Dugan, Esq., for the respondent. ARUNDELL
Memorandum Findings of Fact and Opinion ARUNDELL, Judge: In Docket No. 63366 filed by Louis Cohen, respondent determined a deficiency in income tax for the taxable year ended December 31, 1952, in the amount of $4,021.74. In Docket *176 Nos. 63367 and 63368 filed by Hope Cohen and Louis Cohen, respectively, respondent determined joint deficiencies in income tax and additions to the tax for the taxable years ended December 31, 1953, and 1954, as follows: Additions to the
Tax Under
Sec. 294
Sec. 294
Year
Deficiency
((d)(1)(A)
(d)(2)
1953
$5,233.54
None
None
1954
3,193.02
$231.25
$248.41
By an amendment to answer filed in each proceeding, respondent claimed increased deficiencies under section 272(e) of the Internal Revenue Code of 1939, and an increase in the addition to tax under section 294(d)(2) for the year 1954, as follows: Increase in
Increased
Addition
Docket No.
Year
Deficiency
to Tax
63366
1952
$3,644.57
63367, 63368
1953
5,279.80
63367, 63368
1954
2,464.24
$147.86
The proceedings were consolidated for trial and opinion. Counsel for petitioners has conceded that the returns filed for the years 1953 and 1954 are the joint income tax returns of Louis and Hope Cohen, husband and wife. Hope is involved in these proceedings only because she filed the joint returns with her husband. For convenience, Louis *177 will hereafter be referred to as the petitioner. Petitioner has conceded a number of the errors assigned relative to deductions claimed in his income tax returns, which deductions were disallowed by respondent. The issues still contested by petitioner are whether the respondent erred in disallowing certain deductions claimed by petitioner, which claimed deductions are set out more fully in our findings and opinion, and whether the respondent erred in determining additions to the tax under section 294(d) of the Internal Revenue Code of 1939 for the year 1954. In the amendments to the answers, the respondent affirmatively alleges that he erred in allowing any deductions for the printing of the lottery tickets for the reason that such expenses were neither ordinary nor necessary inasmuch as the expenditure itself violated the laws of the State of Pennsylvania. Findings of Fact Some of the facts were stipulated and they are so found. Petitioner filed his individual income tax return for the calendar year 1952 with the director of internal revenue at Jacksonville, Florida. Petitioners Louis Cohen and Hope Cohen are husband and wife. They filed joint income tax returns for the *178 calendar years 1953 and 1954 with the director of internal revenue at Jacksonville, Florida. Petitioner was engaged in the operation of a lottery business in the State of Pennsylvania during the years 1952, 1953, and 1954 and also in the State of New York for a short time in 1953 and 1954. He also operated a restaurant and bar in Florida in 1952 known as the Windley Key Club. The lottery business consisted of selling tickets on which was printed a number containing 5 digits. The tickets were folded, stapled, and dated on the outside. Each ticket was sold for 60 cents and was good for a 5-day period - Friday and the following Monday through Thursday. If the number on the purchaser's ticket corresponded on any of those days with the last 5 digits of the United States Treasury balance (omitting the cents) which was published daily, the purchaser would be entitled to a prize. If the first two or the last two digits on the purchaser's ticket corresponded with like digits in the Treasury balance, the purchaser would win $1; if the first three or last three corresponded, he would win $5; if the first four or last four corresponded, he would win $50. If all five of the numbers corresponded, *179 he would win an amount ranging from $1,100 to $3,500, depending on which day of the week his ticket won. A ticket could win more than one day and more than one way. A ticket might also win under circumstances other than those described above. Petitioner paid the winners when the tickets were presented to him. In his income tax returns for 1952, 1953, and 1954 petitioner claimed various deductions for expenses allegedly incurred in the operation of his lottery business. Respondent allowed part of the expenses claimed in some instances and disallowed others completely for the reason that petitioner had failed to substantiate the expenses. Of the adjustments still in dispute, the amount claimed on the returns and the amount allowed by respondent are as follows: 1952
Claimed
Allowed
Printing, production, etc.
$10,150.00
$ 4,200.00
Tips, taxis, etc.
1,000.00
0
1953
Printing, production, etc.
15,132.00
10,503.94
Telephone
2,100.00
1,188.36
Automobile expense
1,000.00
500.00
Entertainment, tips, etc.
1,000.00
0
Rent
490.00
0
Legal fee
100.00
0
Hotel expenses
242.28
0
1954
Printing, production, etc.
7,300.00
5,664.00
Telephone
2,100.00
1,696.44
Automobile expense
1,500.00
980.00
Rent
1,450.00
0
*180 Petitioner reported his income and deductions on a cash receipts and disbursements basis. During the years 1952, 1953, and 1954, petitioner actually expended for the printing and production of the lottery tickets the amounts of $10,150, $15,132, and $7,300, respectively. In paying for the printing and production for the year 1952, the printer furnished all the necessary paper and steel. In 1953 and 1954, petitioner furnished the paper and steel. In 1953, petitioner paid $1,500 for steel and $3,920 for paper. These amounts are included in the above amount of $15,132. In 1954, petitioner paid $1,500 for paper, which amount is included in the above amount of $7,300. The paper and steel bought in 1953 and the paper bought in 1954 were still being used in 1957. During 1952 and 1953, petitioner actually expended at least $300 each year for the entertainment of customers and prospective customers, tips, and taxis in connection with his lottery business. During the years 1953 and 1954, petitioner has failed to prove that he actually expended for telephone and automobile expense in connection with his lottery business any amount in excess of the amounts allowed by the respondent. *181 During the years 1953 and 1954, petitioner actually expended $490 and $1,450, respectively, for an apartment in New York. During those years, petitioner had an understanding with his sister-in-law who was attending a designing school in New York that she would occupy the apartment and take all of petitioner's telephone calls in connection with his lottery business in New York. Petitioner also occupied the apartment when in New York in connection with his lottery business. During 1953, petitioner paid an attorney, Ralph G. Mastriani, a fee of $100 for legal services rendered in connection with his lottery business. During 1953, petitioner paid the Carlton House in Pittsburgh a hotel bill for $242.28 which he incurred while in Pittsburgh in connection with his lottery business. On January 2, 1950, petitioner entered into a lease agreement with Windley Key Club, Inc., a Florida corporation, under which the latter leased to him certain described premises in Florida for a term of 1 year ending January 1, 1951. By letter dated November 28, 1950, petitioner exercised his option to renew the lease for a term of 2 years commencing January 1, 1951, and ending January 1, 1953. Among other *182 things, this lease provided "[that] the said lessor * * * has demised and leased unto the lessee the following described proporty * * * [together] with all of the buildings, appurtenances, additions, licenses, good will, restaurant, bar, fixtures, furnishings, chattels, equipment and all other personal property of every kind and description now situate and located thereon." During the calendar year 1952, petitioner operated a restaurant-bar on the leased premises under the name of Windley Key Club. Alcoholic beverages were sold and served to patrons. Petitioner did not possess a license authorizing him to sell alcoholic beverages in Florida. Petitioner claimed a loss in the operation of the club in 1952 in the amount of $3,929.87, of which $3,405.56 represented the cost of alcoholic beverages. The respondent disallowed $3,405.56 of the loss claimed by petitioner and in a statement attached to the deficiency notice explained his disallowance as follows: "The cost of liquor of $3,405.56, claimed as a deduction in connection with your operation of the Windley Key Club has been disallowed as it has been determined that you did not possess a license to sell liquor and the expense *183 does not constitute an allowable deduction within the provisions of section 22 or other sections of the Internal Revenue Code of 1939." On February 8, 1955, petitioner filed a declaration of estimated tax for the year 1954 at which time he estimated his tax at $2,500 and paid $500 of the estimate. Opinion In view of the recent Supreme Court opinion in Commissioner v. Sullivan, U.S. , (Mar. 17, 1958) the respondent's contention, affirmatively raised by amendments to answers, that the expenses incurred and paid by petitioner in the years before us for the printing and production of the lottery tickets should be disallowed because the business was illegal, is denied. This leaves us then with his determination that a portion of such expenses should be denied for lack of substantiation. As to this, petitioner has the burden of proof. We think petitioner has met his burden regarding the expenditures made for the printing and production of lottery tickets in 1952 and we hold that petitioner is entitled to deduct in that year the full amount of $10,150 actually expended by petitioner in that year for such expenses. Although we have also found that petitioner actually expended the *184 amounts of $15,132 in 1953 and $7,300 in 1954, a part of those amounts was spent for paper and steel which were still being used in 1957. Petitioner, although reporting on the cash basis, is not entitled to deduct the full amount for paper and steel in the years 1953 and 1954, Julia Stow Lovejoy, 18 B.T.A. 1179. Petitioner is entitled to deduct a part of the amount spent for paper and steel in 1953 in the years 1953 and 1954. We hold that petitioner is entitled to deduct in the years 1953 and 1954 for the printing and production of the lottery tickets the amounts of $11,000 and $7,200, respectively. Petitioner deducted $1,000 in each of the years 1952 and 1953 for tips, taxis, entertainment, etc., in connection with his lottery business. The evidence introduced by petitioner convinces us that petitioner did make some expenditures for these items in connection with his lottery business that were not otherwise deducted in his returns or allowed by the respondent in his determination. We have found this amount to be $300 in each of the years 1952 and 1953, and hold that petitioner is entitled to deduct that amount in each of the said years. Cohan v. Commissioner, 39 Fed. (2d) 540. *185 Upon the basis of our findings, we sustain the respondent's determination insofar as it relates to his disallowance of a part of the telephone and automobile expense claimed by petitioner in the joint returns for 1953 and 1954. During the latter part of 1953 and the greater part of 1954, petitioner rented an apartment in New York which he used in connection with his lottery business in New York. Petitioner had an understanding with his sister-in-law, who was then attending a designing school in New York, that she would occupy the apartment and take all of petitioner's telephone calls in connection with his business. Petitioner also occupied the apartment while in New York in connection with his business. Upon the basis of such facts, we hold that petitioner is entitled to deduct as rent $245 in 1953 and $725 in 1954. Cohan v. Commissioner, supra. Upon the basis of our findings, we hold that during 1953 petitioner is entitled to deduct as expenses in connection with his lottery business $100 for legal fees and $242.28 for hotel expenses. During 1952, petitioner claimed a loss of $3,929.87 in the operation of a restaurant and bar in the State of Florida. The respondent *186 disallowed $3,405.56 of this loss on the ground that that amount represented the cost of alcoholic beverages sold and served to patrons and that petitioner did not possess a license authorizing him to sell alcoholic beverages in Florida. We hold that the full amount of the loss is deductible and reverse the respondent's determination as to this issue. Commissioner v. Sullivan, supra. Respondent determined that petitioner was liable for additions to the tax in 1954 under sections 294(d)(1)(A) and 294(d)(2). Respondent concedes that a declaration of estimated tax for 1954 was filed on February 8, 1955, but such a filing is not within the time prescribed by section 58(d)(1), I.R.C. 1939, which provides that the declaration shall be filed on or before March 15 of the taxable year. Petitioner has not shown that his failure to file his declaration of estimated tax within the time prescribed by law was due to reasonable cause. Therefore, the addition to the tax under section 294(d)(1)(A) should be sustained. If, by reason of the additional deductions allowed herein for business expenses in 1954, the additions to tax under section 294(d) are reduced, the determination of the correct amount *187 should be made under Rule 50. Decisions will be entered under Rule 50. Footnotes
1. Proceedings of the following petitioners are consolidated herewith: Hope Cohen, Docket No. 63367, and Louis Cohen, Docket No. 63368.↩